# Exhibit B

**1722-CC11872**

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

MAUREEN KASSIMALI,

AND

LUZ MARIA ALVAREZ,

AND

ADRIANA ARANGO,

AND

SUSIE ATKINSON,

AND

LAURA AVERY,

AND

MARTHA BEASLEY,

AND

VANESSA BLAIR,

AND

WARREN DOUGLAS BLEMKER, Individually and
as Husband and Next Friend of the Estate of
SANDRA BLEMKER, deceased,

AND

CATALINA BODIRIAU,

AND

SHARON CARROLL,

AND

SHERRY LENIE CHAPMAN,

Cause Number:

Division:

<u>**JURY TRIAL DEMANDED**</u>

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

AND

GURDEV CHERRA, Individually and as Husband
and Next Friend of the Estate of NARINDER
CHERRA, deceased,

AND

DIANE COOMER, Individually and as Representative
of the Estate of NETTIE BACKHOFF, deceased,

AND

BETSY CORCORAN,

AND

DEBORAH CRUSE,

AND

DIANA DAVILA,

AND

LONNETTE DUELL,

AND

DANA FINLEY,

AND

LEZLIE FLETCHER,

AND

CLAUDIA FLORES,

AND

DIXIE FLORES,

AND

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

REBECCA FOURNIER,

AND

ANNA GARDNER,

AND

M'LISSA GARDNER,

AND

BARBARA GONZALES,

AND

ERIKA GONZALES,

AND

JEANNE GORDON,

AND

BRENDA GUMM,

AND

DEBORAH K. HARRIS,

AND

SHELLY HEUERTZ,

AND

LYNNE HOLMES,

AND

HALEY HOUSTON,

AND

BERNA HUTCHINSON,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

AND

ELIZABETH HURTADO,

AND

ALCHAI JONES, Individually and as Daughter and
Next Friend of the Estate of NETRA JONES,
deceased,

AND

TERESITA JUANITEZ,

AND

WILMA JUDY,

AND

CINDY KIMPLE,

AND

MINDY KOENTOPP,

AND

STANLEY KOWALEWSKI, Individually and as
Executor of the Estate of GERALDINE
KOWALEWSKI, deceased,

AND

CYNTHIA LANZ,

AND

RAMONA LARRAMENDY,

AND

CATHY LEE,

AND

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

ELAINE LIGHT,

AND

MARK LIU, Individually and as Husband and Next Friend of the Estate of GINGER BIAN, deceased,

AND

LINDA MARTIN,

AND

ELIZABETH MARTINEZ-BAEZA,

AND

SHELAH MATTIA,

AND

MARY MEDINA,

AND

KIMBERLY METTETAL,

AND

SUSAN MUNTER,

AND

EDWIN NELSON, Individually and as Husband and Next Friend of the Estate of CHARLOTTE NELSON, deceased,

AND

ERIN O'KEEFFEE,

AND

KATHLEEN OLSON,

AND

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

EUGENIA PEARSON,

AND

LORRAINE PETROVEY,

AND

ANDREA PLAEP VARGAS,,

AND

CAROL POULIN,

AND

TINA RAVENEL,

AND

MARY ROACH,

AND

MARY RODRIGUEZ,

AND

CHERYL ROLLAND,

AND

ANTONIETTA SAKCRISKA,

AND

IRENE SANCHEZ,

AND

REBECCA SEDAR,

AND

LUCRETIA SILVERS,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

AND

MARIE SIMPSON,

AND

THEODORE SKIDMORE, Individually and as Son
and Next Friend of the Estate of SALLY SKIDMORE,
deceased,

AND

JANET SMITH,

AND

NANCY STEPPER, Individually and as Administrator
of the Estate of SUZANNE STEPPER, deceased,

AND

SUSAN TALVACCHIO,

AND

DEBBIE TAYLOR,

AND

TONI TUCKER,

AND

REGINA VOUDREN,

AND

TAMMY WAGNER, Individually and as Personal
Representative of the Estate of CATHERINE
BRUEMMER, deceased,

AND

TRAUTE WATSON,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

AND

SUZANNE WILSON,

AND

WILLIAM WINGO, Individually and as Husband and
Next Friend of the Estate of LYNDA WINGO,
deceased,

AND

DARLA WOODWARD,

                           Plaintiffs,

vs.

JOHNSON & JOHNSON, INC.

Serve:     M.H. Ullman
            One Johnson & Johnson Plaza
            New Brunswick, New Jersey 08933

and

JOHNSON & JOHNSON CONSUMER, INC. f/k/a
JOHNSON & JOHNSON CONSUMER
COMPANIES, INC.

Serve:     Johnson & Johnson Registered Agent
            One Johnson & Johnson Plaza
            New Brunswick, New Jersey 08933

and

IMERYS TALC AMERICA, INC. f/k/a LUZENAC
AMERICA, INC.

Serve:     CT Corporation
            120 South Clayton Avenue
            St. Louis, MO 63105

and

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

PTI UNION, LLC, d/b/a PHARMA TECH
INDUSTRIES,

Serve:   Benson, Thomas L., III
         230 South Bemiston Avenue Suite 1110
         Clayton, MO 63105

and

PTI ROYSTON, LLC, d/b/a PHARMA TECH
INDUSTRIES,

Serve:   Benson, Thomas L., III
         230 South Bemiston Avenue Suite 1110
         Clayton, MO 63105

                    Defendants.

## PETITION

COME NOW Plaintiffs, by and through their undersigned counsel, and for their Petition

against Defendants Johnson & Johnson; Johnson and Johnson Consumer Incorporated f/k/a

Johnson & Johnson Consumer Companies, Inc.; Imerys Talc America, Inc., f/k/a Luzenac

America, Inc.,; and PTI Union, LLC d/b/a Pharma Tech Industries; ; PTI Royston, LLC d/b/a

Pharma Tech Industries allege the following upon information and belief (including investigation

made by and through Plaintiffs' counsel), except those allegations that pertain to Plaintiffs, which

are based on personal knowledge:

## INTRODUCTION

1.      Plaintiffs bring this cause of action against Defendants pursuant to Rule 52.05(a)

of the Missouri Rules of Civil Procedure, as their claims arise out of the same series of transactions

and occurrences, and their claims involve common questions of law and/or fact. All claims in this

action are a direct and proximate result of Defendants' and/or their corporate predecessors'

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

negligent, willful, and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling and/or sale of the products known as Johnson & Johnson Baby Powder and Shower to Shower (hereinafter "the PRODUCTS"). All Plaintiffs in this action seek recovery for damages as a result of developing ovarian cancer, which was directly and proximately caused by such wrongful conduct by Defendants, the unreasonably dangerous and defective nature of talcum powder, and the attendant effects of developing ovarian cancer. All of the claims involve common legal and medical issues.

## PARTIES

2.     Plaintiff Maureen Kassimali is a citizen of the City of Carbondale, State of Illinois. At all pertinent times, including from approximately 1970 to 1990, Plaintiff Maureen Kassimali purchased and applied talcum powder in the States of Missouri, Illinois, and Wyoming.  In or around July 2011, Plaintiff Maureen Kassimali was diagnosed with ovarian cancer, which developed in the State of Illinois.  Plaintiff Maureen Kassimali developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Maureen Kassimali has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Maureen Kassimali has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Maureen Kassimali applied talcum powder in the States of Missouri, Illinois, and Wyoming.

3.     Plaintiff Luz Maria Alvarez is a citizen of the City of Glendale, State of Arizona.  At all pertinent times, including from approximately 1978 to 2016, Plaintiff Luz Maria Alvarez

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

purchased and applied talcum powder in the States of Arizona and California.  In or around December 2015. Plaintiff Luz Maria Alvarez was diagnosed with ovarian cancer, which developed in the State of Arizona.  Plaintiff Luz Maria Alvarez developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Luz Maria Alvarez has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Luz Maria Alvarez has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Luz Maria Alvarez applied talcum powder in the States of Arizona and California.

4.      Plaintiff Adriana Arango is a citizen of the City of Patterson, State of New Jersey.  At all pertinent times, including from approximately 1980 to 2016, Plaintiff Adriana Arango purchased and applied talcum powder in the State of New Jersey.  In or around December 2015, Plaintiff Adriana Arango was diagnosed with ovarian cancer, which developed in the State of New Jersey.  Plaintiff Adriana Arango developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Adriana Arango has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Adriana Arango has otherwise been damaged in a personal

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

and pecuniary nature.  At all pertinent times, Plaintiff Adriana Arango applied talcum powder in the State of New Jersey.

5.     Plaintiff Susie Atkinson is a citizen of the City of Washapreague, State of Virginia.  At all pertinent times, including from approximately 1978-2015, Plaintiff Susie Atkinson purchased and applied talcum powder in the States of Virginia and Florida.  In or around December 2015, Plaintiff Susie Atkinson was diagnosed with ovarian cancer, which developed in the State of Virginia.  Plaintiff Susie Atkinson developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Susie Atkinson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Susie Atkinson has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Susie Atkinson applied talcum powder in the States of Virginia and Florida.

6.     Plaintiff Laura Avery is a citizen of the City of Euless, State of Texas.  At all pertinent times, including from approximately 1980 to 2003, Plaintiff Laura Avery purchased and applied talcum powder in the State of Texas.  In or around August 2007, Plaintiff Laura Avery was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Laura Avery developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

injuries, Plaintiff Laura Avery has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Laura Avery has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Laura Avery applied talcum powder in the State of Texas.

7.      Plaintiff Martha Beasley is a citizen of the City of Mansfield, State of Texas.  At all pertinent times, including from approximately 1970 to 2015, Plaintiff Martha Beasley purchased and applied talcum powder in the States of Louisiana and Texas.  In or around September 2015, Plaintiff Martha Beasley was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Martha Beasley developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Martha Beasley has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Martha Beasley has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Martha Beasley applied talcum powder in the States of Louisiana and Texas.

8.      Plaintiff Vanessa Blair is a citizen of the City of Geismar, State of Louisiana.  At all pertinent times, including from approximately 1975-2010, Plaintiff Vanessa Blair purchased and applied talcum powder in the State of Louisiana.  In or around February 2008, Plaintiff Vanessa Blair was diagnosed with ovarian cancer, which developed in the State of Louisiana.  Plaintiff Vanessa Blair developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Vanessa Blair has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Vanessa Blair has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Vanessa Blair applied talcum powder in the State of Louisiana.

9.     Plaintiff Warren Douglas Blemker is an adult whose principle place of residence is in the City of Ramona, State of California.  He was the lawful spouse of the decedent Sandra Blemker, at the time of her premature death on December 4, 2009.  The premature death of Sandra Blemker was the direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.C.P. § 377.60, et seq., Plaintiff, on behalf of the class of persons entitled to recover under the Wrongful Death Act, seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and  other damages as allowed by law.

10.     Plaintiff Catalina Bodiriau is a citizen of the City of Dallas, State of Texas.  At all pertinent times, including from approximately January 1987 to December 2015, Plaintiff Catalina Bodiriau purchased and applied talcum powder in the States of Texas and New York.  In or around December 2015, Plaintiff Catalina Bodiriau was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Catalina Bodiriau developed ovarian cancer, and suffered effects

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Catalina Bodiriau has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Catalina Bodiriau has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Catalina Bodiriau applied talcum powder in the States of Texas and New York.

11.    Plaintiff Sharon Carroll is a citizen of the City of Alta Loma, State of California.  At all pertinent times, including from approximately 1976 to 2015, Plaintiff Sharon Carroll purchased and applied talcum powder in the State of California.  In or around September 2010, Plaintiff Sharon Carroll was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Sharon Carroll developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Sharon Carroll has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Sharon Carroll has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Sharon Carroll applied talcum powder in the State of California.

12.    Plaintiff Sherry Lenie Chapman is a citizen of the City of Amherstdale, State of West Virginia.  At all pertinent times, including from approximately May 1965 to 2003, Plaintiff

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

Sherry Lenie Chapman purchased and applied talcum powder in the State of West Virginia.  In or around 2014, Plaintiff Sherry Lenie Chapman was diagnosed with ovarian cancer, which developed in the State of West Virginia.  Plaintiff Sherry Lenie Chapman developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Sherry Lenie Chapman has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Sherry Lenie Chapman has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Sherry Lenie Chapman applied talcum powder in the State of West Virginia.

13.     Plaintiff Gurdev Cherra is an adult whose principle place of residence is in the City of San Jose, State of California.  He was the lawful spouse of the decedent Narinder Cherra, at the time of her premature death on July 14, 2016.  The premature death of Narinder Cherra was the direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.C.P. § 377.60, et seq.,  Plaintiff, on behalf of the class of persons entitled to recover under the Wrongful Death Act, seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and  other damages as allowed by law.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

14.    Plaintiff Diana Coomer, an adult whose principal place of residence is in the City of Fort Myers, State of Florida, brings this action individually and in her capacity as representative of the Estate of Nettie Backhoff. Plaintiff Diana Coomer is pursuing this action due to the wrongfully caused premature death of her mother, Nettie Backhoff, on behalf the Estate of Nettie Backhoff and all wrongful death beneficiaries/statutory distributees of Nettie Backhoff.  The premature death of Nettie Backhoff was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Indiana Code §§ 34-23-21, et al., Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

15.    Plaintiff Betsy Corcoran is a citizen of the City of Charlestown, State of Indiana.  At all pertinent times, including from approximately 1950 to 2016, Plaintiff Betsy Corcoran purchased and applied talcum powder in the State of Indiana.  In or around November 2010, Plaintiff Betsy Corcoran was diagnosed with ovarian cancer, which developed in the State of Indiana.  Plaintiff Betsy Corcoran developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Betsy Corcoran has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

enjoyment of life, and Plaintiff Betsy Corcoran has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Betsy Corcoran applied talcum powder in the State of Indiana.

16.     Plaintiff Deborah Cruse is a citizen of the City of San Tan Valley, State of Arizona.  At all pertinent times, including from approximately 1960 to 1990, Plaintiff Deborah Cruse purchased and applied talcum powder in the States of Florida and Arizona.  In or around September 2008, Plaintiff Deborah Cruse was diagnosed with ovarian cancer, which developed in the State of Arizona.  Plaintiff Deborah Cruse developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Deborah Cruse has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Deborah Cruse has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Deborah Cruse applied talcum powder in the States of Florida and Arizona.

17.     Plaintiff Diana Davila is a citizen of the City of Hacienda Heights, State of California.  At all pertinent times, including from approximately 1976 to 2010, Plaintiff Diana Davila purchased and applied talcum powder in the State of California.  In or around June 2010, Plaintiff Diana Davila was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Diana Davila developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Diana Davila has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Diana Davila has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Diana Davila applied talcum powder in the State of California.

18.     Plaintiff Lonnette Duell is a citizen of the City of Medford, State of Wisconsin.  At all pertinent times, including from approximately 1965 to 2014, Plaintiff Lonnette Duell purchased and applied talcum powder in the State of Wisconsin.  In or around January 2013, Plaintiff Lonnette Duell was diagnosed with ovarian cancer, which developed in the State of Wisconsin.  Plaintiff Lonnette Duell developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Lonnette Duell has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Lonnette Duell has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Lonnette Duell applied talcum powder in the State of Wisconsin.

19.     Plaintiff Dana Finley is a citizen of the City of Costa Mesa, State of California.  At all pertinent times, including from approximately August 1973 to April 2016, Plaintiff Dana Finley purchased and applied talcum powder in the State of California.  In or around February 2015, Plaintiff Dana Finley was diagnosed with ovarian cancer, which developed in the State of

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

California.  Plaintiff Dana Finley developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Dana Finley has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Dana Finley has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Dana Finley applied talcum powder in the State of California.

20.     Plaintiff Lezlie Fletcher is a citizen of the City of Lake Charles, State of Louisiana.  At all pertinent times, including from approximately 1980 to 2016, Plaintiff Lezlie Fletcher purchased and applied talcum powder in the State of Louisiana.  In or around January 2012, Plaintiff Lezlie Fletcher was diagnosed with ovarian cancer, which developed in the State of Louisiana.  Plaintiff Lezlie Fletcher developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Lezlie Fletcher has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Lezlie Fletcher has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Lezlie Fletcher applied talcum powder in the State of Louisiana.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

21.     Plaintiff Claudia Flores is a citizen of the City of Yuma, State of Arizona.  At all pertinent times, including from approximately January 1960 to February 2016, Plaintiff Claudia Flores purchased and applied talcum powder in the State of Arizona.  In or around December 2015, Plaintiff Claudia Flores was diagnosed with ovarian cancer, which developed in the State of Arizona.  Plaintiff Claudia Flores developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Claudia Flores has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Claudia Flores has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Claudia Flores applied talcum powder in the State of Arizona.

22.     Plaintiff Dixie Flores is a citizen of the City of Warden, State of Washington.  At all pertinent times, including from approximately 1971 to 2015, Plaintiff Dixie Flores purchased and applied talcum powder in the State of California.  In or around December 2015, Plaintiff Dixie Flores was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Dixie Flores developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Dixie Flores has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

life, and Plaintiff Dixie Flores has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Dixie Flores applied talcum powder in the State of California.

23.     Plaintiff Rebecca Fournier is a citizen of the City of New Baltimore, State of Michigan.  At all pertinent times, including from approximately April 1963 to February 2016, Plaintiff Rebecca Fournier purchased and applied talcum powder in the State of Michigan.  In or around October 2015, Plaintiff Rebecca Fournier was diagnosed with ovarian cancer, which developed in the State of Michigan.  Plaintiff Rebecca Fournier developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Rebecca Fournier has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Rebecca Fournier has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Rebecca Fournier applied talcum powder in the State of Michigan.

24.     Plaintiff Anna Gardner is a citizen of the City of Cottonwood, State of Arizona.  At all pertinent times, including from approximately 1988 to 2016, Plaintiff Anna Gardner purchased and applied talcum powder in the State of Arizona.  In or around May 2013, Plaintiff Anna Gardner was diagnosed with ovarian cancer, which developed in the State of Arizona.  Plaintiff Anna Gardner developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

of these injuries, Plaintiff Anna Gardner has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Anna Gardner has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Anna Gardner applied talcum powder in the State of Arizona.

25.     Plaintiff M'Lissa Gardner is a citizen of the City of Placerville, State of California.  At all pertinent times, including from approximately 1963 to 2015. Plaintiff M'Lissa Gardner purchased and applied talcum powder in the State of California.  In or around April 2009, Plaintiff M'Lissa Gardner was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff M'Lissa Gardner developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff M'Lissa Gardner has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff M'Lissa Gardner has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff M'Lissa Gardner applied talcum powder in the State of California.

26.     Plaintiff Barbara Gonzales is a citizen of the City of Olivehurst, State of California. At all pertinent times, including from approximately 1980 to 2015, Plaintiff Barbara Gonzales purchased and applied talcum powder in the State of California.  In or around December 2012, Plaintiff Barbara Gonzales was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Barbara Gonzales developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Barbara Gonzales has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Barbara Gonzales has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Barbara Gonzales applied talcum powder in the State of California.

27.     Plaintiff Erika Gonzales is a citizen of the City of Lancaster, State of Texas.  At all pertinent times, including from approximately 1992 to 2011, Plaintiff Erika Gonzales purchased and applied talcum powder in the State of Texas.  In or around August 2011, Plaintiff Erika Gonzales was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Erika Gonzales developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Erika Gonzales has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Erika Gonzales has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Erika Gonzales applied talcum powder in the State of Texas.

28.     Plaintiff Jeanne Gordon is a citizen of the City of Flanders, State of New Jersey.  At all pertinent times, including from approximately 1973 to 2016, Plaintiff Jeanne Gordon purchased and applied talcum powder in the State of New Jersey.  In or around August 2014, Plaintiff Jeanne Gordon was diagnosed with ovarian cancer, which developed in the State of New Jersey.  Plaintiff

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

Jeanne Gordon developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Jeanne Gordon has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Jeanne Gordon has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Jeanne Gordon applied talcum powder in the State of New Jersey.

29.     Plaintiff Brenda Gumm is a citizen of the City of Berne, State of Indiana. At all pertinent times, including from approximately 1980 to 2010, Plaintiff Brenda Gumm purchased and applied talcum powder in the State of Indiana. In or around March 2010, Plaintiff Brenda Gumm was diagnosed with ovarian cancer, which developed in the State of Indiana. Plaintiff Brenda Gumm developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Brenda Gumm has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Brenda Gumm has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Brenda Gumm applied talcum powder in the State of Indiana.

30.     Plaintiff Deborah K. Harris is a citizen of the City of Beaumont, State of California. At all pertinent times, including from approximately 1972 to 2016, Plaintiff Deborah

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

K. Harris purchased and applied talcum powder in the States of California, Arizona, and Louisiana.  In or around June 2004, Plaintiff Deborah K. Harris was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Deborah K. Harris developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Deborah K. Harris has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Deborah Harris has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Deborah K. Harris applied talcum powder in the States of California, Arizona, and Louisiana.

31.     Plaintiff Shelly Heuertz is a citizen of the City of Hastings, State of Nebraska.  At all pertinent times, including from approximately 1980 to 2006, Plaintiff Shelly Heuertz purchased and applied talcum powder in the States of Nebraska and Kansas. In or around June 2008, Plaintiff Shelly Heuertz was diagnosed with ovarian cancer, which developed in the State of Kansas.  Plaintiff Shelly Heuertz developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Shelly Heuertz has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Shelly Heuertz has otherwise been damaged in a personal and

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

pecuniary nature.  At all pertinent times, Plaintiff Shelly Heuertz applied talcum powder in the States of Nebraska and Kansas.

32.     Plaintiff Lynne Holmes is a citizen of the City of Camarillo, State of California.  At all pertinent times, including from approximately 1970 to August 2004, Plaintiff Lynne Holmes purchased and applied talcum powder in the States of California, New York, and Massachusetts.  In or around October 2000, Plaintiff Lynne Holmes was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Lynne Holmes developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Lynne Holmes has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Lynne Holmes has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Lynne Holmes applied talcum powder in the States of California, New York, and Massachusetts.

33.     Plaintiff Haley Houston is a citizen of the City of Spring, State of Texas.  At all pertinent times, including from approximately February 1993 to December 2015, Plaintiff Haley Houston purchased and applied talcum powder in the State of Texas.  In or around December 2015, Plaintiff Haley Houston was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Haley Houston developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

direct and proximate result of these injuries, Plaintiff Haley Houston has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Haley Houston has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Haley Houston applied talcum powder in the State of Texas.

34.     Plaintiff Berna Hutchinson is a citizen of the City of Marshalltown, State of Iowa.  At all pertinent times, including from approximately 1976-2016, Plaintiff Berna Hutchinson purchased and applied talcum powder in the States of Iowa, Minnesota, and Arkansas.  In or around May 2006, Plaintiff Berna Hutchinson was diagnosed with ovarian cancer, which developed in the State of Iowa.  Plaintiff Berna Hutchinson developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Berna Hutchinson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Berna Hutchinson has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Berna Hutchinson applied talcum powder in the States of Iowa, Minnesota, and Arkansas.

35.     Plaintiff Elizabeth Hurtado is a citizen of the City of San Diego, State of California.  At all pertinent times, including from approximately 1986 to 2012, Plaintiff Elizabeth Hurtado purchased and applied talcum powder in the State of California.  In or around May 2012, Plaintiff Elizabeth Hurtado was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Elizabeth Hurtado developed ovarian cancer, and suffered effects attendant

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Elizabeth Hurtado has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Elizabeth Hurtado has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Elizabeth Hurtado applied talcum powder in the State of California.

36.     Plaintiff Alchai Jones is an adult whose principle place of residence is in the City of Los Angeles, State of California.  She was the lawful daughter of the decedent Netra Jones, at the time of her premature death on December 10, 2007.  The premature death of Netra Jones was the direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.C.P. § 377.60, et seq. Plaintiff, on behalf of the class of persons entitled to recover under the Wrongful Death Act, seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and  other damages as allowed by law.

37.     Plaintiff Teresita Juanitez is a citizen of the City of Wayne, State of New Jersey.  At all pertinent times, including from approximately 1990 to 2006, Plaintiff Teresita Juanitez purchased and applied talcum powder in the State of New Jersey.  In or around 2002, Plaintiff Teresita Juanitez was diagnosed with ovarian cancer, which developed in the State of New Jersey.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

Teresita Juanitez developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Teresita Juanitez has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Teresita Juanitez has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Teresita Juanitez applied talcum powder in the State of New Jersey.

38.    Plaintiff Wilma Judy is a citizen of the City of Moorefield, State of West Virginia.  At all pertinent times, including from approximately 1973 to 1983, Plaintiff Wilma Judy purchased and applied talcum powder in the State of West Virginia.  In or around 2011, Plaintiff Wilma Judy was diagnosed with ovarian cancer, which developed in the State of West Virginia.  Plaintiff Wilma Judy developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Wilma Judy has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Wilma Judy has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Wilma Judy applied talcum powder in the State of West Virginia.

39.    Plaintiff Cindy Kimple is a citizen of the City of Millbury, State of Massachusetts.  At all pertinent times, including from approximately 1980-2015, Plaintiff Cindy

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

Kimple purchased and applied talcum powder in the State of Massachusetts.  In or around October 2010, Plaintiff Cindy Kimple was diagnosed with ovarian cancer, which developed in the State of Massachusetts.  Plaintiff Cindy Kimple developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Cindy Kimple has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Cindy Kimple has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Cindy Kimple applied talcum powder in the State of Massachusetts.

40.     Plaintiff Mindy Koentopp is a citizen of the City of Hilbert, State of Wisconsin.  At all pertinent times, including from approximately 1997 to 2010, Plaintiff Mindy Koentopp purchased and applied talcum powder in the State of Wisconsin.  In or around December 2014, Plaintiff Mindy Koentopp was diagnosed with ovarian cancer, which developed in the State of Wisconsin. Plaintiff Mindy Koentopp developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Mindy Koentopp has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Mindy Koentopp has otherwise been damaged in a personal

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

and pecuniary nature.  At all pertinent times, Plaintiff Mindy Koentopp applied talcum powder in the State of Wisconsin

41.     Plaintiff Stanley Kowalewski, is an adult whose principal place of residence is in the City of Linden, State of New Jersey, brings this action individually and in his capacity as Executor of the Estate of Geraldine Kowalewski. Plaintiff Stanley Kowalewski is pursuing this action due to the wrongfully caused premature death of his wife, Geraldine Kowalewski, on behalf the Estate of Geraldine Kowalewski and all wrongful death beneficiaries/statutory distributees of Geraldine Kowalewski. The premature death of Geraldine Kowalewski was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to N.J. Stat. Ann. § 2A:31-1, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

42.     Plaintiff Cynthia Lanz is a citizen of the City of Spring Valley, State of California.  At all pertinent times, including from approximately 1972 to 1982, Plaintiff Cynthia Lanz purchased and applied talcum powder in the State of California.  In or around December 2015, Plaintiff Cynthia Lanz was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Cynthia Lanz developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Cynthia Lanz has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Cynthia Lanz has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Cynthia Lanz applied talcum powder in the State of California.

43.     Plaintiff Ramona Larramendy is a citizen of the City of French Gulch, State of California.  At all pertinent times, including from approximately July 1971 to June 2016, Plaintiff Ramona Larramendy purchased and applied talcum powder in the State of California.  In or around July 2013, Plaintiff Ramona Larramendy was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Ramona Larramendy developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Ramona Larramendy has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Ramona Larramendy has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Ramona Larramendy applied talcum powder in the State of California.

44.     Plaintiff Cathy Lee is a citizen of the City of El Paso, State of Texas.  At all pertinent times, including from approximately 1980-2015, Plaintiff Cathy Lee purchased and applied talcum powder in the States of Texas and Ohio.  In or around December 2015, Plaintiff Cathy Lee was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

Cathy Lee developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Cathy Lee has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Cathy Lee has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Cathy Lee applied talcum powder in the States of Texas and Ohio.

45.     Plaintiff Elaine Light is a citizen of the City of Torrance, State of California.  At all pertinent times, including from approximately November 1955 to 2009, Plaintiff Elaine Light purchased and applied talcum powder in the States of California, New York, and New Jersey.  In or around September 2014, Plaintiff Elaine Light was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Elaine Light developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Elaine Light has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Elaine Light has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Elaine Light applied talcum powder in the States of California, New York, and New Jersey.

46.     Plaintiff Mark Liu is an adult whose principle place of residence is in the City of Houston, State of Texas.  He was the lawful spouse of the decedent Ginger Bian, at the time of her

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

premature death on December 18, 2015.  The premature death of Ginger Bian was the direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Tex. Civ. Prac. & Rem. Code Ann. §§ 71.001 to 71.051, Plaintiff, on behalf of the class of persons entitled to recover under the Wrongful Death Act, seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and  other damages as allowed by law.

47.     Plaintiff Linda Martin is a citizen of the City of Cleveland, State of Texas.  At all pertinent times, including from approximately 1960 to 1975, Plaintiff Linda Martin purchased and applied talcum powder in the State of Texas.  In or around August 2011, Plaintiff Linda Martin was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Linda Martin developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Linda Martin has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Linda Martin has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Linda Martin applied talcum powder in the State of Texas.

48.     Plaintiff Elizabeth Martinez-Baeza is a citizen of the City of San Antonio, State of Texas.  At all pertinent times, including from approximately 1970 to 2016, Plaintiff Elizabeth

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

Martinez-Baeza purchased and applied talcum powder in the State of Texas.  In or around December 2010, Plaintiff Elizabeth Martinez-Baeza was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Elizabeth Martinez-Baeza developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Elizabeth Martinez-Baeza has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Elizabeth Martinez-Baeza has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Elizabeth Martinez-Baeza applied talcum powder in the State of Texas.

49.     Plaintiff Shelah Mattia is a citizen of the City of Jamul, State of California.  At all pertinent times, including from approximately 1980 to 2014, Plaintiff Shelah Mattia purchased and applied talcum powder in the State of California.  In or around 2014, Plaintiff Shelah Mattia was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Shelah Mattia developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Shelah Mattia has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Shelah Mattia has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Shelah Mattia applied talcum powder in the State of California.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

50.     Plaintiff Mary Medina is a citizen of the City of Yuba City, State of California.  At all pertinent times, including from approximately 2002 to 2011, Plaintiff Mary Medina purchased and applied talcum powder in the State of California.  In or around July 2011, Plaintiff Mary Medina was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Mary Medina developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Mary Medina has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Mary Medina has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Mary Medina applied talcum powder in the State of California.

51.     Plaintiff Kimberly Mettetal is a citizen of the City of Red Rock, State of Arizona.  At all pertinent times, including from approximately 1986 to 2012, Plaintiff Kimberly Mettetal purchased and applied talcum powder in the States of Iowa, Washington, and Arizona.  In or around October 2012, Plaintiff Kimberly Mettetal was diagnosed with ovarian cancer, which developed in the State of Arizona.  Plaintiff Kimberly Mettetal developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Kimberly Mettetal has incurred and will incur medical expenses in the future, has endured and will endure

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

pain and suffering and loss of enjoyment of life, and Plaintiff Kimberly Mettetal has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Kimberly Mettetal applied talcum powder in the States of Iowa, Washington, and Arizona.

52.     Plaintiff Susan Munter is a citizen of the City of Visalia, State of California. At all pertinent times, including from approximately October 1951 to 2016, Susan Munter purchased and applied talcum powder in the State of California. In or around August 2007, Plaintiff Susan Munter was diagnosed with ovarian cancer, which developed in the State of California. Plaintiff Susan Munter developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Susan Munter has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Susan Munter has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Susan Munter applied talcum powder in the State of California.

53.     Plaintiff Edwin Nelson is an adult whose principle place of residence is in the City of Tucson, State of Arizona. He was the lawful spouse of the decedent Charlotte Nelson, at the time of her premature death on January 31, 2011. The premature death of Charlotte Nelson was the direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Ariz. Rev. Stat Ann. § 12-611, Plaintiff, on behalf of the class of persons entitled to recover under the Wrongful Death Act, seeks damages for decedent's loss of future earnings, loss

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and  other damages as allowed by law.

54.     Plaintiff Erin O'Keeffee is a citizen of the City of North Hollywood, State of California.  At all pertinent times, including from approximately 1970 to 2006, Plaintiff Erin O'Keeffee purchased and applied talcum powder in the State of California.   In or around March 2013, Plaintiff Erin O'Keeffee was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Erin O'Keeffee developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Erin O'Keeffee has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Erin O'Keeffee has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Erin O'Keeffee applied talcum powder in the State of California.

55.     Plaintiff Kathleen Olson is a citizen of the City of Riverside, State of California.  At all pertinent times, including from approximately 1989 to 2011. Plaintiff Kathleen Olson purchased and applied talcum powder in the State of California.  In or around May 2012, Plaintiff Kathleen Olson was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Kathleen Olson developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Kathleen Olson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Kathleen Olson has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Kathleen Olson applied talcum powder in the State of California.

56.     Plaintiff Eugenia Pearson is a citizen of the City of Grandview, State of Missouri.  At all pertinent times, including from approximately 1970 to 2012 Plaintiff Eugenia Pearson purchased and applied talcum powder in the States of California and Missouri.  In or around December 2012, Plaintiff Eugenia Pearson was diagnosed with ovarian cancer, which developed in the State of Missouri.  Plaintiff Eugenia Pearson developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Eugenia Pearson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Eugenia Pearson has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Eugenia Pearson applied talcum powder in the States of California and Missouri.

57.     Plaintiff Lorraine Petrovey is a citizen of the City of Sewaren, State of New Jersey.  At all pertinent times, including from approximately 1966 to 1997, Plaintiff Lorraine Petrovey purchased and applied talcum powder in the State of New Jersey.  In or around 2015, Plaintiff Lorraine Petrovey was diagnosed with ovarian cancer, which developed in the State of New Jersey.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

Plaintiff Lorraine Petrovey developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Lorraine Petrovey has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Lorraine Petrovey has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Lorraine Petrovey applied talcum powder in the State of New Jersey.

58.     Plaintiff Andrea Plaep Vargas is a citizen of the City of Riverside, State of California.  At all pertinent times, including from approximately 1994 to 2016, Plaintiff Andrea Plaep Vargas purchased and applied talcum powder in the States of California, Texas and Oregon.  In or around November 2013, Plaintiff Andrea Plaep Vargas was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Andrea Plaep Vargas developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Andrea Plaep Vargas has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Andrea Plaep Vargas has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Andrea Plaep Vargas applied talcum powder in the States of California, Texas and Oregon.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

59.     Plaintiff Carol Poulin is a citizen of the City of Merrimack, State of New Hampshire.  At all pertinent times, including from approximately 1960 to 2000, Plaintiff Carol Poulin purchased and applied talcum powder in the State of Maine. In or around December 2014. Plaintiff Carol Poulin was diagnosed with ovarian cancer, which developed in the State of Massachusetts.  Plaintiff Carol Poulin developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Carol Poulin has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Carol Poulin has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Carol Poulin applied talcum powder in the State of Maine.

60.     Plaintiff Tina Ravenel is a citizen of the City of Phoenix, State of Arizona.  At all pertinent times, including from approximately January 1971 to 2000, Plaintiff Tina Ravenel purchased and applied talcum powder in the States of Arizona and Massachusetts.  In or around December 2012, Plaintiff Tina Ravenel was diagnosed with ovarian cancer, which developed in the State of Arizona.  Plaintiff Tina Ravenel developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Tina Ravenel has incurred and will incur medical expenses in the future, has endured and will endure pain and

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

suffering and loss of enjoyment of life, and Plaintiff Tina Ravenel has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Tina Ravenel applied talcum powder in the States of Arizona and Massachusetts.

61.     Plaintiff Mary Roach is a citizen of the City of Waterloo, State of Iowa.  At all pertinent times, including from approximately April 1967 to 2000, Plaintiff Mary Roach purchased and applied talcum powder in the State of Iowa.  In or around June 2001, Plaintiff Mary Roach was diagnosed with ovarian cancer, which developed in the State of Iowa.  Plaintiff Mary Roach developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Mary Roach has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Mary Roach has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Mary Roach applied talcum powder in the State of Iowa.

62.     Plaintiff Mary Rodriguez is a citizen of the City of Richmond, State of Texas.  At all pertinent times, including from approximately 1992 to 2008, Plaintiff Mary Rodriguez purchased and applied talcum powder in the State of Texas.  In or around December 2015, Plaintiff Mary Rodriguez was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Mary Rodriguez developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

direct and proximate result of these injuries, Plaintiff Mary Rodriguez has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Mary Rodriguez has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Mary Rodriguez applied talcum powder in the State of Texas.

63.     Plaintiff Cheryl Rolland is a citizen of the City of Chatham, State of Virginia.  At all pertinent times, including from approximately 1972 to 2005, Plaintiff Cheryl Rolland purchased and applied talcum powder in the States of New York, Arizona, and Virginia.  In or around April 2005, Plaintiff Cheryl Rolland was diagnosed with ovarian cancer, which developed in the State of Arizona.  Plaintiff Cheryl Rolland developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Cheryl Rolland has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Cheryl Rolland has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Cheryl Rolland applied talcum powder in the States of New York, Arizona, and Virginia.

64.     Plaintiff Antonietta Sakcriska is a citizen of the City of Sterling Heights, State of Michigan.  At all pertinent times, including from approximately 1974 to 2010, Plaintiff Antonietta Sakcriska purchased and applied talcum powder in the State of Michigan.  In or around February 2010, Plaintiff Antonietta Sakcriska was diagnosed with ovarian cancer, which developed in the State of Michigan.  Plaintiff Antonietta Sakcriska developed ovarian cancer, and suffered effects

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Antonietta Sakcriska has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Antonietta Sakcriska has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Antonietta Sakcriska applied talcum powder in the State of Michigan.

65.     Plaintiff Irene Sanchez is a citizen of the City of Yuma, State of Arizona.  At all pertinent times, including from approximately 1992 to 2015. Plaintiff Irene Sanchez purchased and applied talcum powder in the State of Arizona. In or around December 2015, Plaintiff Irene Sanchez was diagnosed with ovarian cancer, which developed in the State of Arizona.  Plaintiff Irene Sanchez developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Irene Sanchez has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Irene Sanchez has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Irene Sanchez applied talcum powder in the State of Arizona.

66.     Plaintiff Rebecca Sedar is a citizen of the City of Martinez, State of California.  At all pertinent times, including from approximately 1987 to 2003, Plaintiff Rebecca Sedar purchased

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

and applied talcum powder in the State of California.  In or around May 2011, Plaintiff Rebecca Sedar was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Rebecca Sedar developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Rebecca Sedar has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Rebecca Sedar has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Rebecca Sedar applied talcum powder in the State of California.

67.     Plaintiff Lucretia Silvers is a citizen of the City of Wichita, State of Kansas.  At all pertinent times, including from approximately 1960 to 2016, Plaintiff Lucretia Silvers purchased and applied talcum powder in the State of Kansas.  In or around July 2012, Plaintiff Lucretia Silvers was diagnosed with ovarian cancer, which developed in the State of Kansas.  Plaintiff Lucretia Silvers developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Lucretia Silvers has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Lucretia Silvers has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Lucretia Silvers applied talcum powder in the State of Kansas.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

68.     Plaintiff Marie Simpson is a citizen of the City of San Francisco, State of California.  At all pertinent times, including from approximately 1968 to 2012, Plaintiff Marie Simpson purchased and applied talcum powder in the State of California.  In or around October 2011, Plaintiff Marie Simpson was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Marie Simpson developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Marie Simpson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Marie Simpson has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Marie Simpson applied talcum powder in the State of California.

69.     Plaintiff Theodore Skidmore is an adult whose principle place of residence is in the City of Colorado Springs, State of Colorado.  He was the lawful son of the decedent Sally Skidmore, at the time of her premature death on March 3, 2004.  The premature death of Sally Skidmore was the direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Iowa Code § 633.336,  Plaintiff, on behalf of the class of persons entitled to recover under the Wrongful Death Act, seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

70.     Plaintiff Janet Smith is a citizen of the City of Amarillo, State of Texas.  At all pertinent times, including from approximately 1970 to 2016, Plaintiff Janet Smith purchased and applied talcum powder in the States of Texas, Oklahoma, Arkansas.  In or around December 2016, Plaintiff Janet Smith was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Janet Smith developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Janet Smith has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Janet Smith has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Janet Smith applied talcum powder in the States of Texas, Oklahoma, Arkansas.

71.     Plaintiff Nancy Stepper, an adult whose principal place of residence is in the City of Fredericksburg, State of Virginia, brings this action individually and in her capacity as Administrator of the Estate of Suzanne Stepper. Plaintiff Nancy Stepper is pursuing this action due to the wrongfully caused premature death of her mother, Suzanne Stepper, on behalf the Estate of Suzanne Stepper and all wrongful death beneficiaries/statutory distributees of Suzanne Stepper. The premature death of Suzanne Stepper was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Va. Code Ann. § 8.01-50, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

72.     Plaintiff Susan Talvacchio is a citizen of the City of Williamstown, State of New Jersey.  At all pertinent times, including from approximately June 1953 to June 2016, Plaintiff Susan Talvacchio purchased and applied talcum powder in the State of New Jersey.  In or around October 2014, Plaintiff Susan Talvacchio was diagnosed with ovarian cancer, which developed in the State of New Jersey.  Plaintiff Susan Talvacchio developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Susan Talvacchio has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Susan Talvacchio has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Susan Talvacchio applied talcum powder in the State of New Jersey.

73.     Plaintiff Debbie Taylor is a citizen of the City of Pleasant Hill, State of Iowa.  At all pertinent times, including from approximately 1976 to 1986, Plaintiff Debbie Taylor purchased and applied talcum powder in the States of Virginia and North Dakota.  In or around July 2014, Plaintiff Debbie Taylor was diagnosed with ovarian cancer, which developed in the State of North Dakota.  Plaintiff Debbie Taylor developed ovarian cancer, and suffered effects attendant thereto,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Debbie Taylor has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Debbie Taylor has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Debbie Taylor applied talcum powder in the States of Virginia and North Dakota.

74.     Plaintiff Toni Tucker is a citizen of the City of Newfield, State of New Jersey.  At all pertinent times, including from approximately 1955 to 2016, Plaintiff Toni Tucker purchased and applied talcum powder in the State of New Jersey.  In or August 2012, Plaintiff Toni Tucker was diagnosed with ovarian cancer, which developed in the State of New Jersey.  Plaintiff Toni Tucker developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Toni Tucker has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Toni Tucker has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Toni Tucker applied talcum powder in the State of New Jersey.

75.     Plaintiff Regina Voudren is a citizen of the City of Carrollton, State of Texas.  At all pertinent times, including from approximately 1978 to 1995, Plaintiff Regina Voudren purchased and applied talcum powder in the States of Arkansas, Texas and Virginia.  In or around

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

June 2004, Plaintiff Regina Voudren was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Regina Voudren developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Regina Voudren has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Regina Voudren has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Regina Voudren applied talcum powder in the States of Arkansas, Texas and Virginia.

76.     Plaintiff Tammy Wagner, an adult whose principal place of residence is in the City of Linn, State of Missouri, brings this action individually and in her capacity as Personal Representative of the Estate of Catherine Bruemmer. Plaintiff Tammy Wagner is pursuing this action due to the wrongfully caused premature death of her mother, Catherine Bruemmer, on behalf the Estate of Catherine Bruemmer and all wrongful death beneficiaries/statutory distributees of Catherine Bruemmer. The premature death of Catherine Bruemmer was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Mo. Rev Stat. § 537.080, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

77.     Plaintiff Traute Watson is a citizen of the City of Hot Springs National Park, State of Arkansas.  At all pertinent times, including from approximately 1960 to 2016, Plaintiff Traute Watson purchased and applied talcum powder in the States of Arkansas and Oklahoma.  In or around August 2007, Plaintiff Traute Watson was diagnosed with ovarian cancer, which developed in the State of Arkansas.  Plaintiff Traute Watson developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Traute Watson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Traute Watson has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Traute Watson applied talcum powder in the States of Arkansas and Oklahoma.

78.     Plaintiff Suzanne Wilson is a citizen of the City of Glennallen, State of Alaska.  At all pertinent times, including from approximately 1980 to 2007, Plaintiff Suzanne Wilson purchased and applied talcum powder in the State of Alaska.  In or around February 2004, Plaintiff Suzanne Wilson was diagnosed with ovarian cancer, which developed in the State of Alaska.  Plaintiff Suzanne Wilson developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a

52

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

direct and proximate result of these injuries, Plaintiff Suzanne Wilson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Suzanne Wilson has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Suzanne Wilson applied talcum powder in the State of Alaska.

79.     Plaintiff William Wingo is an adult whose principle place of residence is in the City of Antelope, State of California.  He was the lawful spouse of the decedent Lynda Wingo, at the time of her premature death on February 29, 2012.  The premature death of Lynda Wingo was the direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.C.P. § 377.60, et seq., Plaintiff, on behalf of the class of persons entitled to recover under the Wrongful Death Act, seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and  other damages as allowed by law.

80.     Plaintiff Darla Woodward is a citizen of the City of California City, State of California.  At all pertinent times, including from approximately June 2008 to 2014, Plaintiff Darla Woodward purchased and applied talcum powder in the State of California.  In or around August 2014, Plaintiff Darla Woodward was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Darla Woodward developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Darla Woodward has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Darla Woodward has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Darla Woodward applied talcum powder in the State of California.

81.     Defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in the State of New Jersey.

82.     At all relevant times, Johnson & Johnson was engaged in the business of manufacturing, marketing, testing, promoting, selling, and/or distributing the PRODUCTS. At all relevant times, Johnson & Johnson regularly transacted, solicited, and conducted business in all States of the United States, including the State of Missouri.

83.     Defendant Johnson and Johnson Consumer Incorporated f/k/a Johnson & Johnson Consumer Companies, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey.

84.     At all relevant times, Johnson and Johnson Consumer Incorporated[1] was engaged in the business of manufacturing, marketing, testing, promoting, selling, and/or distributing the PRODUCTS. At all relevant times, Johnson and Johnson Consumer Incorporated regularly transacted, solicited, and conducted business in all States of the United States, including the State of Missouri.

---

[1] All allegations regarding actions taken by Johnson & Johnson Consumer, Inc. also include actions taken while that entity was known as Johnson & Johnson Consumer Companies, Inc.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

85.     Defendant Johnson & Johnson formulated, manufactured, marketed, tested, promoted, sold and distributed the PRODUCTS prior to Johnson & Johnson Consumer, Inc. f/k/a Johnson & Johnson Consumer Companies, Inc. coming into existence.

86.     Defendant Imerys Talc America, Inc., f/k/a Luzenac America, Inc. is a Delaware corporation with its principal place of business in the State of California.

87.     At all relevant times, Imerys Talc America, Inc., f/k/a Luzenac America, Inc. (hereinafter described as "Imerys Talc" or "Imerys Talc America, Inc."), has been in the business of mining and distributing talcum powder for use in talcum powder based products, including the PRODUCTS. Imerys Talc is the successor or continuation of Luzenac America, Inc., and Imerys Talc America, Inc. is legally responsible for all liabilities incurred when it was known as Luzenac America, Inc.

88.     Defendant PTI Union, LLC is a Delaware Limited Liability Company.  Defendant PTI Union, LLC's members include one or more residents and citizens of the State of Missouri, such that Defendant PTI Union, LLC is a citizen of Missouri.

89.     At all relevant times, Defendant PTI Union, LLC has been in the business of processing, bottling, labeling, packaging, and/or distributing talcum powder based products, including the PRODUCTS, these activities taking place in whole or in part at Defendant PTI Union, LLC's manufacturing facility in Union, Missouri.

90.     At all relevant times, Defendant PTI Union, LLC was acting at the direction of or on behalf of the Johnson & Johnson Defendants, Defendant Imerys Talc, and/or PTI Royston, LLC carrying out a common plan, scheme, or conspiracy, acting within the course & scope of its employment or agency.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

91.     Defendant PTI Royston, LLC is a Delaware Limited Liability Company. Defendant PTI Royston, LLC's members include one or more residents and citizens of the State of Missouri, such that Defendant PTI Royston, LLC is a citizen of Missouri.

92.     At all relevant times, Defendant PTI Royston, LLC has been in the business of processing, bottling, labeling, packaging, and/or distributing talcum powder based products, including the PRODUCTS, these activities taking place in whole or in part at Defendant PTI Royston, LLC's manufacturing facility in Union, Missouri.

93.     At all relevant times, Defendant PTI Royston, LLC was acting at the direction of or on behalf of the Johnson & Johnson Defendants, Defendant Imerys Talc, and/or PTI Union, LLC carrying out a common plan, scheme, or conspiracy, acting within the course & scope of its employment or agency.

94.     At all relevant times, all Defendants were engaged in the research, development, manufacture, design, testing, sale and marketing of PRODUCTS, and introduced such products into interstate commerce with knowledge and intent that such products be sold in all States, including the States of Missouri, Alabama, Arkansas, Arizona, California, Colorado, Connecticut, Florida, Georgia, Hawaii, Iowa, Idaho, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Minnesota, Mississippi, North Carolina, New Mexico, New Jersey, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and Wisconsin.

## **VENUE**

95. RSMo § 508.010, Missouri's general venue statute provides:

> Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, venue

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action.

RSMo § 508.010.4

96.     Plaintiff Maureen Kassimali was living in St. Louis City when she first used the PRODUCTS, and therefore was "first injured by the wrongful acts or negligent conduct alleged" in this action in the City of St. Louis, Missouri. Therefore, venue is proper pursuant to RSMo § 508.010.4.

97.     Venue is further proper in this Court pursuant to RSMo § 508.010.4 because Plaintiff Maureen Kassimali at all relevant times, purchased, used, and was exposed to the Products in St. Louis, Missouri.

## **ALLEGATIONS COMMON TO ALL COUNTS**

98.     Talc is a magnesium trisilicate that is mined from the earth.  Talc is an inorganic mineral. The Defendant, Imerys Talc America, Inc., f/k/a Luzanec America, Inc. mined the talc contained in the PRODUCTS.

99.     Talc is the main substance in talcum powders.  The Johnson & Johnson Defendants and/or PTI Union, LLC and PTI Royston, LLC, at the direction of the Johnson & Johnson Defendants, manufactured the PRODUCTS.  The PRODUCTS are composed almost entirely of talc.

100.    At all relevant times, a feasible alternative to the PRODUCTS has existed. Cornstarch is an organic carbohydrate that is quickly broken down by the body with no known health effects.  Cornstarch powders have been sold and marketed for the same uses with nearly the same effectiveness as the PRODUCTS.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

101.    At all relevant times, Defendant Imerys Talc[2] mined the talc contained in the PRODUCTS.

102.    At all relevant times, Imerys Talc continually advertised and marketed talc as safe for human use.

103.    At all relevant times, Imerys Talc supplied its customers, including the Johnson & Johnson Defendants, Defendant PTI Union, LLC, and Defendant PTI Royston, LLC with Material Safety Data Sheets ("MSDS") for talc, which were supposed to convey adequate health and warning information to its customers.

104.    The MSDS supplied by Imerys Talc expressly warned those receiving the talc, to include Johnson & Johnson Defendants, Defendant PTI Union, LLC, and Defendant PTI Royston, LLC of the ovarian cancer hazard associated with perineal talc use, an intended use of the PRODUCTS.

105.    At all times pertinent hereto, Defendant PTI Union, LLC's headquarters and principal center of operations was its manufacturing facility in Union, Missouri.

106.    Defendant PTI Union, LLC committed active, tortious conduct in the State of Missouri in receiving said shipments of talc from Imerys, accompanied by the express ovarian cancer warning provided for in the MSDS, only for PTI Union, LLC to disregard the warning, and process, bottle, mislabel, mispackage, and distribute, without warning, the PRODUCTS out of the Union, Missouri facility, thereby creating the dangerous condition of the product in whole or in part in Missouri.

---

[2] All allegations regarding actions taken by Imerys Talc also include actions taken while that entity was known as Luzenac America, Inc.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

107.    Defendant PTI Union, LLC's nucleus of operations and control center was through its manufacturing facility in Union, Missouri, and its members acting out of that control center in relation to the manufacture, processing, bottling, mislabeling, and mispackaging of the PRODUCTS.

108.    Defendant PTI Union, LLC manufactured, processed, bottled, mislabeled, and mispackaged the PRODUCTS at its Union, Missouri manufacturing facility and/or controlled and directed the manufacturing, processing, bottling, mislabeling, and mispackaging at other manufacturing facilities outside of Missouri from its Union, Missouri manufacturing facility, by and through its officers, agents, and members in Missouri.

109.    Defendants engaged in relevant acts together with Defendant PTI Union, LLC in Missouri and/or Defendants are derivatively liable for Defendant PTI Union, LLC's conduct in Missouri.

110.    Historically, "Johnson's Baby Powder" has been a symbol of freshness, cleanliness, and purity.  During the time in question, the Johnson & Johnson Defendants advertised and marketed this product as a symbol of "freshness" and "comfort," eliminating friction on the skin, absorbing "excess wetness" to keep skin feeling dry and comfortable, and "clinically proven gentle and mild."  The Johnson & Johnson Defendants compelled women through advertisements to dust themselves with this product to mask odors.  The bottle of "Johnson's Baby Powder" specifically targets women, stating: "For you, use every day to help feel soft, fresh, and comfortable."[3]

111.    At all relevant times, the Johnson & Johnson Defendants advertised and marketed their "Shower to Shower" product as safe for use by women as evidenced in its slogan, "A sprinkle

---

[3] Retailer Wal-Mart lists the labels for Johnson's Baby Powder, http://www.walmart.com/ip/Johnson-s-Baby-Powder-22-oz/10294007.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

a day keeps odor away," and through advertisements such as: "Your body perspires in more places than just under your arms.  Use SHOWER to SHOWER to feel dry, fresh, and comfortable throughout the day;" and "SHOWER to SHOWER can be used all over your body."

112.    Plaintiffs used the PRODUCTS to dust their perineum for feminine hygiene purposes. This was an intended and foreseeable use of the PRODUCTS based on the advertising, marketing, and labeling of the PRODUCTS.

113.    Upon information and belief, in 1971, the first study was conducted that suggested an association between talc and ovarian cancer.  This study was conducted by Dr. WJ Henderson and others in Cardiff, Wales.

114.    Upon information and belief, in 1982, the first epidemiologic study was performed on talc powder use in the female genital area.  That study was conducted by Dr. Daniel Cramer and others.  This study found a ninety-two percent increased risk of ovarian cancer with women who reported genital talc use.  Shortly after this study was published, Dr. Bruce Semple of Johnson & Johnson came and visited Dr. Cramer about his study.  Dr. Cramer advised Dr. Semple that Johnson & Johnson should place a warning on its talcum powders about the ovarian cancer risks so that women can make an informed decision about their health.

115.    Upon information and belief, since approximately 1982, there have been approximately twenty-two additional epidemiologic studies providing data regarding the association of talc and ovarian cancer. Nearly all of these studies have reported an elevated risk of ovarian cancer associated with genital talc use in women.

116.    Upon information and belief, in or about 1993, the United States National Toxicology Program published a study on the toxicity of non-asbestos form talc and found clear

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

evidence of carcinogenic activity.  Talc was found to be a carcinogen, with or without the presence of asbestos-like fibers.[4]

117.     Upon information and belief, in response to the United States National Toxicology Program's study, the Cosmetic Toiletry and Fragrance Association (CTFA), now known as the PCPC, formed the Talc Interested Party Task Force (TIPTF).  Johnson & Johnson, Inc., Johnson and Johnson Consumer Incorporated, and Luzenac—now known as Imerys Talc—were members of the CTFA and were the primary actors and contributors of the TIPTF. The stated purpose of TIPTF was to pool financial resources of these companies in order to collectively defend talc use at all costs and to prevent regulation of any type over this industry.  TIPTF hired scientists to perform biased research regarding the safety of talc. TIPTF members, including Johnson & Johnson and Luzenac, then edited these scientific reports hired by this group prior to the submissions of these scientific reports to governmental agencies. In addition, members of TIPTF knowingly released false information about the safety of talc to the consuming public and used political and economic influence on regulatory bodies regarding talc.  These activities were conducted by these companies and organizations over the past four decades in an effort to prevent regulation of talc and to create confusion to the consuming public about the true hazards of talc and its association to ovarian cancer.

118.     Upon information and belief, on or about November 19, 1994, the Cancer Prevention Coalition sent a letter to then Johnson & Johnson C.E.O. Ralph Larsen, urging him to

---

[4] Inhalation Toxicology Research Institute Annual Report, 1993 – 1994, https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=5&ved=0CEEQFjAE&url=http%3A%2F%2Fwww.dtic.mil%2Fget-tr-doc%2Fpdf%3FAD%3DADA292037&ei=XX4IVMfxPIblsASfyIKwCA&usg=AFQjCNGnPtuTJc4YRHp3v0VFPJlOV2yH2w&sig2=WTznSlZK9GojkDadkub0Sw&bvm=bv.74649129,d.cWc&cad=rja.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

substitute cornstarch for talcum powder products and to label its products with a warning on cancer risks.[5]

119.    Upon information and belief, in or about 1996, the FDA requested that the condom industry stop dusting condoms with talc due to the health concerns that studies linked talc to ovarian cancer.  Upon this request, all U.S. manufacturers discontinued the use of talc in its condom manufacturing process to reduce the potential health hazards to women.[6]

120.    Upon information and belief, in or about 1990, the U.S. Food and Drug Administration (FDA) asked manufacturers to voluntarily stop putting talc on surgical gloves because mounting scientific evidence showed that it caused adhesions in surgical patients.[7]

121.    Upon information and belief, in or about February 2006, the International Agency for Research on Cancer (IARC), the specialized cancer agency of the World Health Organization, published a paper whereby they classified perineal use of talc-based body powder as a "Group 2B" human carcinogen.[8]  IARC, which is universally accepted as the international authority on cancer issues, concluded that studies from around the world consistently found an increased risk of ovarian cancer in women who used talc in perineal areas.  IARC determined that between 16-52% of women worldwide used talc to dust their perineum and found an increased risk of ovarian cancer in women talc users ranging from 30-60%.

122.    Upon information and belief, in or about 2006, the Canadian government, under The Hazardous Products Act and associated Controlled Products Regulations, classified talc as a

---

[5] Petition Seeking a Cancer Warning on Cosmetic Talc Products, May 13, 2008 http://www.preventcancer.com/publications/pdf/FINAL_CitPetTalcOvCa_may138.pdf.
[6] "A Women's Campaign Against Talc on Condoms," *Philly*.com, http://articles.philly.com/1996-01-08/living/25652370_1_talc-condoms-ovarian-cancer.
[7] *Id.*
[8] IARC, "Perineal use of talc-based body powder (Group 2B)," *available at* http://monographs.iarc.fr/ENG/Monographs/PDFs/93-talc.pdf.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

"D2A," "very toxic," "cancer-causing" substance under its Workplace Hazardous Materials Information System (WHMIS).  Asbestos is also classified as "D2A."

123.    Upon information and belief, in or about 2006, Defendant Imerys Talc began placing a warning on the MSDS it provided to the Johnson & Johnson Defendants, PTI Union, LLC and/or PTI Royston, LLC regarding the talc it sold to them for use in the PRODUCTS.  The MSDSs not only provided the warning information about the IARC classification but also included warning information regarding "States Rights to Know" and warning information about the Canadian Government's D2A classification of talc.

124.    In 2008, the Cancer Prevention Coalition submitted a "Petition Seeking a Cancer Warning on Cosmetic Talc Products" to the FDA.  The petition requested that the FDA immediately require cosmetic talcum powder products to bear labels with a prominent warning that frequent talc application in the female genital area is responsible for major risks of ovarian cancer.[9]

125.    In 2013, Cancer Prevention Research published a study that showed that women who used talcum powder in their groin area had a 20 to 30 percent greater risk of developing ovarian cancer than women who did not use talc products in that area.[10]

126.    Presently, the National Cancer Institute[11] and the American Cancer Society[12] list genital talc use as a "risk factor" for ovarian cancer.

---

[9] Cancer Prevention Coalition "Petition Seeking a Cancer Warning on Cosmetic Talc Products" submitted to the FDA on May 13, 2008, http://www.organicconsumers.org/articles/article_12517.cfm.
[10] "Genital powder use and risk of ovarian cancer: a pooled analysis of 8,525 cases and 9,859 controls," *Cancer Prevention Research*, June 2013, http://cancerpreventionresearch.aacrjournals.org/content/early/2013/06/12/1940-6207.CAPR-13-0037.short.
[11] National Cancer Institute, Ovarian Cancer Prevention, http://www.cancer.gov/cancertopics/pdq/prevention/ovarian/Patient/page3
[12] American Cancer Society, Risk Factors for Ovarian Cancer, http://www.cancer.org/cancer/ovariancancer/detailedguide/ovarian-cancer-risk-factors

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

127.    The Gilda Radner Familial Ovarian Cancer Registry, Roswell Park Center Institute, and the Department of Gynecologic Oncology University of Vermont publish a pamphlet entitled, "Myths & Facts about ovarian cancer: What you need to know." In this pamphlet, under "known" risk factors for ovarian cancer, it lists: "Use of Talc (Baby Powder) in the Genital Area."[13]

128.    The Defendants had a duty to know and warn about the hazards associated with the use of the PRODUCTS.

129.    The Defendants failed to inform its customers and end users of the PRODUCTS of a known catastrophic health hazard associated with the use of its PRODUCTS.

130.    In addition, the Defendants procured and disseminated false, misleading, and biased information regarding the safety of the PRODUCTS to the public and used influence over governmental and regulatory bodies regarding talc.

131.    As a direct and proximate result of the Defendants' calculation and reprehensible conduct, Plaintiffs were injured and suffered damages, namely ovarian cancer, which required surgeries and treatments.

## FEDERAL STANDARDS AND REQUIREMENTS

132.    Plaintiffs incorporate by reference all other paragraphs of this Petition as if fully set forth herein.

133.    At all relevant times, Defendants had the obligation to comply with federal standards and regulations in the manufacture, design, marketing, branding, labeling, distribution, and sale of the PRODUCTS.

134.    Defendants, each individually, *in solido*, and/or jointly, violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §301, *et seq.*

---

[13] Myths and Facts About Ovarian Cancer,
http://imaging.ubmmedica.com/cancernetwork/forpatients/pdfs/7_M&F%20Ovarian%20Cancer.pdf.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

135.    Defendants have or may have failed to comply with federal standards and requirements governing the manufacture, design, marketing, branding, and sale of the PRODUCTS including, but not limited to, the following violations of sections and subsections of the United States Code and the Code of Federal Regulations:

a.    The PRODUCTS are adulterated in violation of 21 U.S.C. § 361 because, among other things, they contain a poisonous or deleterious substance which may render them injurious to users under the conditions of use prescribed in the labeling thereof, or under such conditions of use as are customary or usual.

b.    The PRODUCTS are misbranded in violation of 21 U.S.C. § 362 because, among other things, their labeling is false or misleading.

c.    The PRODUCTS are misbranded in violation 21 U.S.C. § 362 because words, statements, or other information required by or under authority of 21 U.S.C. § 362 are not prominently placed thereon with such conspicuousness and in such terms as to render them likely to be read and understood by the ordinary individual under customary conditions of purchase and use.

d.    The PRODUCTS are misbranded in violation of 21 C.F.R. § 701.1 because they contain false or misleading representations that they are safe for daily application to all parts of the female body.

e.    The PRODUCTS do not bear a warning statement, in violation of 21 C.F.R. § 740.1, to prevent a health hazard that may be associated with the PRODUCTS, namely that the PRODUCTS may cause ovarian cancer or a heightened risk of ovarian cancer when applied to the perineal area.

f.    The PRODUCTS do not prominently and conspicuously bear a warning statement, in violation of 21 C.F.R. § 740.2, as to the risk of ovarian cancer caused by the use of the PRODUCTS when applied to the perineal area, in such terms and design that it is likely to be read and understood by the ordinary individual under customary conditions of purchase and use.

g.    The PRODUCTS, in violation of 21 C.F.R. § 740.10, do not conspicuously state on their principal display panel that the safety of the PRODUCTS have not been determined and/or that the safety of the PRODUCTS' principal ingredients have not been determined.

**COUNT ONE – VIOLATION OF MISSOURI MERCHANDIZING PRACTICE ACT, § 407.020 *et seq.***
**(Johnson & Johnson Defendants)**

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

136.    Plaintiffs incorporate by reference all other paragraphs of this Petition as if fully set forth herein.

137.    At all relevant times, the Johnson & Johnson Defendants knew or should have known of the unreasonably dangerous and carcinogenic nature of talc, especially when applied in a women's perineal region.

138.    At all relevant times, the Johnson & Johnson Defendants, through their labeling, advertisements, public representations and marketing of the PRODUCTS, intentionally used deception, fraud, false pretenses, false promises, misrepresentations and unfair trade practices in order to mislead consumers that the PRODUCTS were safe for use in the female perineal area.

139.    The labeling and advertisements for the PRODUCTS include, but are not limited to, the following statements: "For you, use every day to help feel soft, fresh, and comfortable;"[14] "A sprinkle a day keeps the odor away;" "Your body perspires in more places than just under your arms;" "Use SHOWER to SHOWER to feel dry, fresh, and comfortable throughout the day;" and "SHOWER to SHOWER can be used all over your body."[15]

140.    In particular, the Johnson & Johnson Defendants advertised the product SHOWER to SHOWER to be applied "all over," and suggested that women use it to "Soothe Your Skin: Sprinkle on problem areas to soothe skin that has been irritated from friction. Apply after a bikini wax to help reduce irritation and discomfort."

141.    At all relevant times, the Johnson & Johnson Defendants also engaged in the concealment, suppression and/or omission of material facts in connection with the sale and/or advertisement of the PRODUCTS in trade or commerce. In particular, the Johnson & Johnson

---

[14] Retailer Wal-Mart lists the labels for Johnson's Baby Powder, http://www.walmart.com/ip/Johnson-s-Baby-Powder-22-oz/10294007.
[15] Johnson & Johnson Shower to Shower website, http://showertoshower.com/the-power-of-powder.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

Defendants failed to disclose to the public that the PRODUCTS were unsafe and posed serious health hazards, particularly when used in the perineal areas of women. The first study that suggested an association between talc and ovarian cancer was conducted in 1971, and studies confirming this association have been and continue to be conducted. The Johnson & Johnson Defendants were aware of the hazardous risks posed by the PRODUCTS and yet failed to inform the public of these risks through their advertisements, labeling, or other means available to them. The Johnson & Johnson Defendants' failure to state material facts about their PRODUCTS constitutes a violation of V.A.M.S. § 407.020.

142.    At all relevant times, Plaintiffs were deceived by Defendants' intentional misrepresentations and omissions, including by the orchestrated claims made on or in television commercials, advertising materials, websites, and on product labels and packaging regarding the usage and safety of the PRODUCTS.

143.    At all relevant times, Plaintiffs acted in reasonable reliance upon the Johnson & Johnson Defendants' unlawful trade practices, and had the Johnson & Johnson Defendants not engaged in the deceptive conduct described herein, Plaintiffs would not have purchased and/or received the PRODUCTS.

144.    As a direct and proximate result of Johnson & Johnson Defendants' unlawful trade practices, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

## COUNT TWO – STRICT LIABILITY FOR FAILURE TO WARN
### (Imerys Talc)

145.    Plaintiffs incorporate by reference all other paragraphs of this Petition as if fully set forth herein.

146.    At all relevant times, Imerys Talc mined and sold talc to the Johnson & Johnson Defendants with full knowledge that the Johnson & Johnson Defendants were then packaging the talc and selling to consumers as the PRODUCTS and consumers of the PRODUCTS were using it to powder their perineal regions.

147.    At all relevant times, by mining talc and supplying that talc to the Johnson & Johnson Defendants for use in the PRODUCTS, Imerys Talc was knowingly an integral part of the overall manufacture, design, and production of the PRODUCTS and their introduction into the stream of interstate commerce.

148.    At all relevant times, Imerys Talc knew or should have known of the unreasonably dangerous and carcinogenic nature of the talc it was selling to the Johnson & Johnson Defendants, especially when applied to a woman's perineal regions, and it knew or should have known that Johnson & Johnson was not warning its consumers of this danger.

149.    At all relevant times, Imerys Talc knew or should have known that the use of the PRODUCTS significantly increase the risk of ovarian cancer in women based upon scientific knowledge dating back until at least 1971.

150.    At all relevant times, the PRODUCTS were defective and unreasonably dangerous when used in a reasonably foreseeable manner because, despite Imerys Talc's knowledge that the PRODUCTS were carcinogenic and could lead to an increased risk of ovarian cancer, Imerys Talc failed to provide adequate warning and/or instruction to consumers, including Plaintiff, regarding

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

the increased risk of ovarian cancer associated with the use of the PRODUCTS when applied to the perineal area.

151.    Had Plaintiffs received warning or instruction regarding the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, Plaintiffs would not have used the PRODUCTS in this manner.

152.    Due to the absence of any warning or instruction by the Defendants as to the significant health and safety risks posed by the PRODUCTS as described herein, Plaintiffs were unaware that the PRODUCTS created an increased risk of ovarian cancer, as this danger was not known to the general public.

153.    As a direct and proximate result of Imerys Talc's failure to warn Plaintiffs of the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, despite their actual knowledge of this material fact, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant Imerys Talc in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT THREE – STRICT LIABILITY FOR FAILURE TO WARN
### (Johnson & Johnson Defendants)

154.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

155.    At all relevant times, the Johnson & Johnson Defendants were engaged in the business of manufacturing, marketing, testing, promoting, selling and/or distributing, and otherwise introducing into the stream of interstate commerce, the PRODUCTS.

69

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

156.    At all relevant times, the Johnson & Johnson Defendants knew or should have known that the use of the PRODUCTS in the female perineal area significantly increased the risk of ovarian cancer in women based upon scientific knowledge dating back until at least 1971.

157.    At all relevant times, the PRODUCTS, manufactured and supplied by the Johnson & Johnson Defendants, were defective and unreasonably dangerous because, despite the Johnson & Johnson Defendants' knowledge that its PRODUCTS were carcinogenic and could lead to an increased risk of ovarian cancer when applied to the female perineal area, a reasonably foreseeable use of the PRODUCTS, the Johnson & Johnson Defendants failed to provide adequate warning or instruction to consumers, including Plaintiffs, regarding the increased risk of ovarian cancer when the PRODUCTS are applied to the female perineal area.

158.    At all relevant times, Plaintiffs used the PRODUCTS to powder their perineal areas, a use that was reasonably foreseeable and for which the PRODUCTS were supplied.

159.    Had Plaintiffs received warning and/or instruction from the Johnson & Johnson Defendants regarding the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, Plaintiffs would not have used the PRODUCTS in this manner.

160.    Due to the absence of any warning or instruction by the Johnson & Johnson Defendants as to the significant health and safety risks posed by the PRODUCTS as described herein, Plaintiffs were unaware that the PRODUCTS created an increased risk of ovarian cancer, as this danger was not known to the general public.

161.    As a direct and proximate result of Johnson & Johnson Defenadnts' failure to warn Plaintiffs of the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, despite their actual knowledge of this material fact, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

### COUNT FOUR – STRICT LIABILITY FOR FAILURE TO WARN
### (PTI Union, LLC)

162.    Plaintiff incorporates by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

163.    At all relevant times, Defendant PTI Union, LLC was engaged in the business of processing, manufacturing, testing, bottling, mislabeling, mispackaging, and/or distributing, and otherwise introducing into the stream of interstate commerce, the PRODUCTS.

164.    At all relevant times, Defendant PTI Union, LLC knew or should have known that the use of the PRODUCTS in the female perineal area significantly increased the risk of ovarian cancer in women based upon scientific knowledge dating back until at least 1971.

165.    At all relevant times, the PRODUCTS, processed, manufactured, tested, bottled, mislabeled, misbranded, and/or distributed by Defendant PTI Union, LLC, were defective and unreasonably dangerous because, despite Defendant PTI Union, LLC's knowledge that its PRODUCTS were carcinogenic and could lead to an increased risk of ovarian cancer when applied to the female perineal area, a reasonably foreseeable use of the PRODUCTS, Defendant Pharma Tech failed to provide adequate warning or instruction to consumers, including Plaintiff, regarding the increased risk of ovarian cancer when the PRODUCTS are applied to the female perineal area.

166.    At all relevant times, Plaintiff used the PRODUCTS to powder her perineal areas, a use that was reasonably foreseeable and for which the PRODUCTS were supplied.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

167.    Had Plaintiff received warning and/or instruction from Defendant PTI Union, LLC regarding the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, Plaintiff would not have used the PRODUCTS in this manner.

168.    Due to the absence of any warning or instruction by Defendant PTI Union, LLC as to the significant health and safety risks posed by the PRODUCTS as described herein, Plaintiff was unaware that the PRODUCTS created an increased risk of ovarian cancer, as this danger was not known to the general public.

169.    As a direct and proximate result of Defendant PTI Union, LLC's failure to warn Plaintiff of the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, despite their actual knowledge of this material fact, Plaintiff developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiff prays for judgment against Defendant PTI Union, LLC in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT FIVE – STRICT LIABILITY FOR FAILURE TO WARN
### (PTI Royston, LLC)

170.    Plaintiff incorporates by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

171.    At all relevant times, Defendant PTI Royston, LLC was engaged in the business of processing, manufacturing, testing, bottling, mislabeling, mispackaging, and/or distributing, and otherwise introducing into the stream of interstate commerce, the PRODUCTS.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

172.    At all relevant times, Defendant PTI Royston, LLC knew or should have known that the use of the PRODUCTS in the female perineal area significantly increased the risk of ovarian cancer in women based upon scientific knowledge dating back until at least 1971.

173.    At all relevant times, the PRODUCTS, processed, manufactured, tested, bottled, mislabeled, misbranded, and/or distributed by Defendant PTI Royston, LLC, were defective and unreasonably dangerous because, despite Defendant PTI Royston, LLC's knowledge that its PRODUCTS were carcinogenic and could lead to an increased risk of ovarian cancer when applied to the female perineal area, a reasonably foreseeable use of the PRODUCTS, Defendant Pharma Tech failed to provide adequate warning or instruction to consumers, including Plaintiff, regarding the increased risk of ovarian cancer when the PRODUCTS are applied to the female perineal area.

174.    At all relevant times, Plaintiff used the PRODUCTS to powder her perineal areas, a use that was reasonably foreseeable and for which the PRODUCTS were supplied.

175.    Had Plaintiff received warning and/or instruction from Defendant PTI Royston, LLC regarding the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, Plaintiff would not have used the PRODUCTS in this manner.

176.    Due to the absence of any warning or instruction by Defendant PTI Royston, LLC as to the significant health and safety risks posed by the PRODUCTS as described herein, Plaintiff was unaware that the PRODUCTS created an increased risk of ovarian cancer, as this danger was not known to the general public.

177.    As a direct and proximate result of Defendant PTI Royston, LLC's failure to warn Plaintiff of the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, despite their actual knowledge of this material fact, Plaintiff developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiff prays for judgment against Defendant PTI Royston, LLC in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.


## COUNT SIX – STRICT LIABILITY FOR DEFECTIVE MANUFACTURE AND DESIGN
### (Imerys Talc)

178.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

179.    At all relevant times, Defendant Imerys Talc was engaged in the business of mining and distributing talcum to Johnson & Johnson Defendants for use in the PRODUCTS, and they were knowingly an integral part of the overall manufacture, design, and production of the PRODUCTS and their introduction into the stream of interstate commerce.

180.    At all relevant times, the PRODUCTS were expected to and did reach Plaintiffs without a substantial change in their condition.

181.    At all relevant times, the PRODUCTS were defectively and improperly manufactured and designed by Imerys Talc in that, when Imerys Talc supplied its talc product to Johnson & Johnson, PTI Union, LLC, and/or PTI Royston, LLC with full knowledge that Johnson & Johnson, PTI Union, LLC, and/or PTI Royston, LLC at the direction of Johnson & Johnson, would use its talc in formulating the PRODUCTS and that the talc would be the primary ingredient in the PRODUCTS, the foreseeable risks of the PRODUCTS far outweighed the benefits associated with their design and formulation.

74

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

182.    At all relevant times, the PRODUCTS were defectively manufactured and designed by Imerys Talc in that their design and formulation is more dangerous than an ordinary consumer would expect when used in an intended and reasonably foreseeable manner.

183.    At all relevant times, the PRODUCTS created significant risks to the health and safety of consumers that far outweigh the risks posed by other products on the market used for the same therapeutic purpose.

184.    As a direct and proximate result of the defective design and manufacture of the PRODUCTS, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant Imerys Talc in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

### COUNT SEVEN – STRICT LIABILITY FOR
### DEFECTIVE MANUFACTURE AND DESIGN
### (Johnson & Johnson Defendants PTI Union, LLC, and PTI Royston, LLC)

185.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

186.    At all relevant times, the Johnson & Johnson Defendants , PTI Union, LLC, and/or PTI Royston, LLC were engaged in the business of manufacturing, formulating, creating, designing, testing, labeling, packaging, supplying, marketing, promoting, selling, advertising, and otherwise introducing the PRODUCTS into the stream of interstate commerce, which they sold and distributed throughout the United States.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

187.    At all relevant times, the PRODUCTS were expected to and did reach Plaintiff without a substantial change in condition.

188.    At all relevant times, the PRODUCTS were defectively and improperly manufactured and designed by the Johnson & Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC in that, when the PRODUCTS left the hands of the Johnson & Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC, the foreseeable risks of the PRODUCTS far outweighed the benefits associated with their design and formulation.

189.    At all relevant times, the PRODUCTS were defectively manufactured and designed by the Johnson & Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC in that their design and formulation is more dangerous than an ordinary consumer would expect when used in an intended and reasonably foreseeable manner.

190.    At all relevant times, the PRODUCTS created significant risks to the health and safety of consumers that far outweigh the risks posed by other products on the market used for the same therapeutic purpose.

191.    At all relevant times, a reasonable and safer alternative design existed, which could have feasibly been employed by the Johnson & Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC to manufacture a product with the same therapeutic purpose as the PRODUCTS. Despite knowledge of this reasonable and safer alternative design, the Johnson & Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC failed to alter the PRODUCTS' design and formulation.  The magnitude of the danger created by the PRODUCTS far outweighs the costs associated with using an alternative, safer design.

192.    As a direct and proximate result of the defective design and manufacture of the PRODUCTS, Plaintiffs developed ovarian cancer and have been injured catastrophically and have

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against Johnson & Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

### COUNT EIGHT - NEGLIGENCE
### (Imerys Talc)

193. Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

194. At all relevant times, Imerys Talc had a duty to exercise reasonable care to consumers, including Plaintiffs herein, in the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling and/or sale of the PRODUCTS.

195. At all relevant times, Imerys Talc mined and sold talc to the Johnson & Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC, which it knew was then being packaged and sold to consumers as the PRODUCTS by the Johnson and Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC, at the direction of Johnson & Johnson Defendants. Further, Imerys Talc knew that consumers of the PRODUCTS were using it to powder their perineal regions.

196. At all relevant times, Imerys Talc knew or should have known that the use of the PRODUCTS in the perineal area significantly increases the risk of ovarian cancer based upon scientific knowledge dating back to the 1971.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

197.    At all relevant times, Imerys Talc knew that Johnson & Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC were not providing warnings to consumers of the PRODUCTS of the risk of ovarian cancer posed by talc contained therein.

198.    At all relevant times, Imerys Talc was negligent in providing talc to the Johnson & Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC. Imerys Talc possessed information on the carcinogenic properties of talc, including its risk of causing ovarian cancer. Imerys Talc was negligent because it knew that the talc they provided to Johnson & Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC would be used in the PRODUCTS, but they did not adequately take steps to ensure that ultimate consumers of the PRODUCTS, including Plaintiffs, received the information that Imerys Talc possessed on the carcinogenic properties of talc.

199.    As a direct and proximate result of Imerys Talc's negligence, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against Imerys Talc in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT NINE –NEGLIGENCE
### (Johnson & Johnson Defendants, PTI Union, LLC, and PTI Royston, LLC)

200.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

201.    At all relevant times, the Johnson & Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC breached their duty to Plaintiffs and were otherwise negligent in marketing,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

designing, manufacturing, producing, supplying, inspecting, testing, selling and/or distributing the PRODUCTS in one or more of the following respects:

a.  In failing to warn Plaintiffs of the hazards associated with the use of the PRODUCTS;

b.  In failing to properly test their products to determine adequacy and effectiveness or safety measures, if any, prior to releasing the PRODUCTS for consumer use;

c.  In failing to properly test the PRODUCTS to determine the increased risk of ovarian cancer during the normal and/or intended use of the PRODUCTS;

d.  In failing to inform ultimate users, such as Plaintiffs, as to the safe and proper methods of handling and using the PRODUCTS;

e.  In failing to remove the PRODUCTS from the market when the Defendants knew or should have known the PRODUCTS were defective;

f.  In failing to instruct the ultimate users, such as Plaintiffs, as to the methods for reducing the type of exposure to the PRODUCTS which caused increased risk of ovarian cancer;

g.  In failing to inform the public in general and the Plaintiffs in particular of the known dangers of using the PRODUCTS for dusting the perineum;

h.  In failing to advise users how to prevent or reduce exposure that caused an increased risk for ovarian cancer;

i.  In marketing and labeling the PRODUCTS as safe for all uses despite knowledge to the contrary;

j.  In failing to act like a reasonably prudent company under similar circumstances;

k.  In failing to use a safer alternative to talc in the PRODUCTS, such as cornstarch.

Each and all of these acts and omissions, taken singularly or in combination, were a proximate cause of the injuries and damages sustained by Plaintiffs.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

202.    At all relevant times, the Johnson & Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC knew or should have known that the PRODUCTS were unreasonably dangerous and defective when put to their reasonably anticipated use.

203.    As a direct and proximate result of the Johnson & Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC's negligence, Plaintiffs purchased and used the PRODUCTS that directly and proximately caused each Plaintiff to develop ovarian cancer. As a direct and proximate result, Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants, PTI Union, LLC, and/or PTI Royston, LLC in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT TEN – BREACH OF EXPRESS WARRANTY
### (Johnson & Johnson Defendants)

204.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

205.    At all relevant times, the Johnson & Johnson Defendants knew or should have known that the PRODUCTS were unreasonably dangerous and defective when put to their reasonably anticipated use.

206.    At all relevant times, the Johnson & Johnson Defendants expressly warranted, through direct-to-consumer marketing, advertisements, and labels, that the PRODUCTS were safe and effective for reasonably anticipated uses, including use by women in their perineal area.

207.    At all relevant times, the PRODUCTS did not conform to these express representations because they cause serious injury, including ovarian cancer, when used by women in the perineal area.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

208.    As a direct and proximate result of the Defendants' breach of warranty, Plaintiffs purchased and used the PRODUCTS that directly and proximately caused each Plaintiff to develop ovarian cancer. Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT ELEVEN – BREACH OF IMPLIED WARRANTIES
### (All Defendants)

209.    Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

210.    At the time the Defendants manufactured, marketed, labeled, promoted, distributed and/or sold the PRODUCTS, the Defendants knew of the uses for which the PRODUCTS were intended, including use by women in the perineal area. With this knowledge, they impliedly warranted the PRODUCTS to be of merchantable quality and safe for such use.

211.    Defendants breached their implied warranties of the PRODUCTS sold to Plaintiffs because they were not fit for their common, ordinary and intended uses, including use by women in the perineal area.

212.    As a direct and proximate result of the Defendants' breach of implied warranties, Plaintiffs purchased and used the PRODUCTS that directly and proximately caused each Plaintiff to develop ovarian cancer. As a result, Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants, Defendant Imerys Talc America, Inc., Defendant PTI Union, LLC, and Defendant PTI Royston,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

LLC in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

<div align="center">

### COUNT TWELVE – CIVIL CONSPIRACY
### (All Defendants)

</div>

213.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

214.    Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves to cause Plaintiffs' injuries, diseases, and/or illnesses by exposing the Plaintiffs to harmful and dangerous PRODUCTS. Defendants further knowingly agreed, contrived, confederated and conspired to deprive the Plaintiffs of the opportunity of informed free choice as to whether to use the PRODUCTS or to expose themselves to the stated dangers. Defendants committed the wrongs as described herein by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to the PRODUCTS.

215.    In furtherance of said conspiracies, Defendants performed the following overt acts:

    a.  For many decades, Defendants, individually, jointly, and in conspiracy with each other, have been in possession of medical and scientific data, literature and test reports that clearly indicated that use of their by women resulting from ordinary and foreseeable use of the PRODUCTS were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

    b.  Despite the medical and scientific data, literature, and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other, fraudulently, willfully and maliciously:

        i.  Withheld, concealed and suppressed said medical information regarding the increased risk of ovarian cancer from Plaintiffs, as described above; In addition, on July 27, 2005, Defendants, as part of the TIPTF, corresponded about and agreed to edit and delete portions of scientific papers being submitted on their behalf to the

<div align="center">82</div>

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

United States Toxicology Program in an attempt to prevent talc from being classified as a carcinogen;

ii.   Instituted a "defense strategy" through the TIPTF to defend talc at all costs. In furtherance of this defense strategy, Defendants, through the TIPTF, used their influence over the National Toxicology Program ("NTP") Subcommittee and the threat of litigation against the NTP to prevent the NTP from classifying talc as a carcinogen on its 10th Report on Carcinogens ("RoC");

iii.  Caused to be released, published and disseminated medical and scientific data, literature, and test reports containing information and statements regarding the risks of ovarian cancer which Defendants knew were incorrect, incomplete, outdated, and misleading. Specifically, Defendants, through the TIPTF, collectively agreed to release false information to the public regarding the safety of talc on July 1, 1992; July 8, 1992; and November 17, 1994. In a letter dated September 17, 1997, the Defendants were criticized by their own toxicology consultant for releasing this false information to the public, yet nothing was done by the Defendants to correct or redact this public release of knowingly false information.

c.   By these false and fraudulent representations, omissions, and concealments, Defendants intended to induce and did induce the Plaintiffs to rely upon these false and fraudulent representations, omissions and concealments, and to continue to expose themselves to the dangers inherent in the use of and exposure to the PRODUCTS.

216.   Plaintiffs reasonably and in good faith relied upon the fraudulent representations, omissions, and concealments made by Defendants regarding the nature of the PRODUCTS.

217.   As a direct, foreseeable and proximate result of the Defendants' conspiracy, Plaintiffs purchased and used the PRODUCTS in the perineal areas, which directly and proximately caused each Plaintiff to develop ovarian cancer. Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against all Defendants, jointly and severally, in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

## COUNT THIRTEEN – CONCERT OF ACTION
### (All Defendants)

218.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

219.    At all relevant times, Imerys Talc and the Johnson & Johnson Defendants knew that the PRODUCTS should contain warnings about the risk of ovarian cancer when women used the PRODUCTS to powder the perineal region, but they purposefully suppressed this information and omitted warnings from the PRODUCTS. They did so to maintain sales and profits of the Johnson & Johnson Defendants and Imerys Talc.

220.    As a direct, foreseeable and proximate result of the Defendants' concert of action, Plaintiffs purchased and used the PRODUCTS in their perineal areas. As a direct and proximate result of such use, each Plaintiff developed ovarian cancer, and Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against all Defendants, jointly and severely, in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT FOURTEEN – FRAUD
### (Johnson & Johnson Defendants)

221.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

222.    At all relevant times, the Johnson & Johnson Defendants intentionally, willfully, and/or recklessly, with the intent to deceive, misrepresented and/or concealed material facts to consumers and users, including Plaintiffs.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

223.   At all relevant times, the Johnson & Johnson Defendants misrepresented and/or concealed material facts concerning the PRODUCTS to consumers, including the Plaintiffs, with knowledge of the falsity of their misrepresentations.

224.   At all relevant times, upon information and belief, the misrepresentations and concealments concerning the PRODUCTS made by the Johnson & Johnson Defendants include, but are not limited to the following:

   a.   The Johnson & Johnson Defendants falsely labeled and advertised the PRODUCTS in the following ways, among others: "For you, use every day to help feel soft, fresh, and comfortable," "a sprinkle a day keeps the odor away," "your body perspires in more places than just under your arms," "Use SHOWER to SHOWER to feel dry, fresh, and comfortable throughout the day," and "SHOWER to SHOWER can be used all over your body."

   b.   The Johnson & Johnson Defendants falsely advertised the PRODUCT SHOWER to SHOWER to be applied "all over," and in particular, urges women to use it to "Soothe Your Skin: Sprinkle on problem areas to soothe skin that has been irritated from friction. Apply after a bikini wax to help reduce irritation and discomfort."

   c.   The Johnson & Johnson Defendants, through the advertisements described above, knowingly misrepresented to Plaintiff and the public that the PRODUCTS were safe for use all over the body, including the perineal areas of women.

   d.   The Johnson & Johnson Defendants intentionally failed to disclose that talc and the associated PRODUCTS, when used in the perineal area, increase the risk of ovarian cancer.

   e.   The Johnson & Johnson Defendants intentionally failed to include adequate warnings with the PRODUCTS regarding the potential and actual risks of using the PRODUCTS in the perineal area on women and the nature, scope, severity, and duration of any serious injuries resulting therefrom.[16]

   f.   Despite knowing about the carcinogenic nature of talc and its likelihood to increase the risk of ovarian cancer in women, the Johnson & Johnson Defendants falsely marketed, advertised, labeled and sold the PRODUCTS

---

[16] Household Products Database, Label for Johnson's Baby Powder, Original, http://householdproducts.nlm.nih.gov/cgi-bin/household/brands?tbl=brands&id=10001040

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

as safe for public consumption and usage, including for use by women to powder their perineal areas.

225.    At all relevant times, the Johnson & Johnson Defendants actively, knowingly, and intentionally concealed and misrepresented these material facts to the consuming public with the intent to deceive the public and Plaintiffs, and with the intent that the consumers would purchase and use the PRODUCTS in the female perineal area.

226.    At all relevant times, the consuming public, including Plaintiffs, would not otherwise have purchased the PRODUCTS and/or applied the PRODUCTS in the perineal area if they had been informed of the risks associated with the use of the PRODUCTS in the perineal area.

227.    At all relevant times, Plaintiffs relied on the Johnson & Johnson Defendants' misrepresentations concerning the safety of the PRODUCTS when purchasing the PRODUCTS and using them in her perineal area, and her reliance was reasonable and justified.

228.    As a direct, foreseeable and proximate result of the Johnson & Johnson Defendants' fraudulent conduct, Plaintiffs purchased and used the PRODUCTS in their perineal areas. As a direct and proximate result of such use, each Plaintiff developed ovarian cancer, and Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants, jointly and severely, in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT FIFTEEN – CONCEALMENT
### (Johnson & Johnson Defendants and Imerys Talc)

229.    Plaintiff incorporates by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

230.     At all relevant times, the Johnson & Johnson Defendants and Defendant Imerys Talc intentionally, willfully, and/or recklessly, with the intent to deceive, misrepresented and concealed material facts to consumers and users, including Plaintiffs.

231.     At all relevant times, the Johnson & Johnson Defendants and Defendant Imerys Talc misrepresented and concealed material facts concerning the PRODUCTS to consumers, including the Plaintiffs, with knowledge of the falsity of their misrepresentations.

232.     At all relevant times, upon information and belief, the misrepresentations and concealments concerning the PRODUCTS made by the Johnson & Johnson Defendants and/or Defendant Imerys Talc include, but are not limited to the following:

a.  Withheld, concealed and suppressed medical and scientific data, literature, and test reports regarding the increased risk of ovarian cancer from Plaintiffs, as described above;

b.  As part of the TIPTF, corresponded about and agreed to edit and delete portions of scientific papers being submitted on their behalf to the United States Toxicology Program in an attempt to prevent talc from being classified as a carcinogen;

c.  Instituted a "defense strategy" through the TIPTF to defend talc at all costs. In furtherance of this defense strategy, Defendants, through the TIPTF, used their influence over the National Toxicology Program ("NTP') Subcommittee and the threat of litigation against the NTP to prevent the NTP from classifying talc as a carcinogen on its 10th Report on Carcinogens ("RoC");

d.  Caused to be released, published and disseminated medical and scientific data, literature, and test reports containing information and statements regarding the risks of ovarian cancer which Defendants knew were incorrect, incomplete, outdated, and misleading. Specifically, Defendants, through the TIPTF, collectively agreed to release false information to the public regarding the safety of talc on July 1, 1992; July 8, 1992; and November 17, 1994. In a letter dated September 17, 1997, the Defendants were criticized by their own toxicologist consultant for releasing this false information to the public, yet nothing was done by the Defendants to correct or redact this public release of knowingly false information.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

e.  By these false and fraudulent representations, omissions, and concealments, Defendants intended to induce and did induce the Plaintiffs to rely upon these false and fraudulent representations, omissions and concealments, and to continue to expose themselves to the dangers inherent in the use of and exposure to the PRODUCTS.

f.  Knowingly misrepresented to Plaintiffs and the public that the PRODUCTS were safe for use all over the body, including the perineal areas of women.

233.    At all relevant times, the Johnson & Johnson Defendants and Defendant Imerys actively, knowingly, and intentionally concealed and misrepresented these material facts to the consuming public with the intent to deceive the public and Plaintiffs, and with the intent that the consumers would purchase and use the PRODUCTS in the female perineal area.

234.    At all relevant times, the consuming public, including Plaintiffs, would not otherwise have purchased the PRODUCTS and/or applied the PRODUCTS in the perineal area if they had been informed of the risks associated with the use of the PRODUCTS in the perineal area.

235.    At all relevant times, Plaintiffs relied on the Johnson & Johnson Defendants' and Defendant Imerys' misrepresentations and concealment concerning the safety of the PRODUCTS when purchasing the PRODUCTS and using them in her perineal area, and their reliance was reasonable and justified.

236.    As a direct, foreseeable and proximate result of the Johnson & Johnson Defendants' and Defendant Imerys' conduct, Plaintiffs purchased and used the PRODUCTS in their perineal areas. As a direct and proximate result of such use, each Plaintiff developed ovarian cancer, and Plaintiff was caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against all the Johnson & Johnson Defendants and Defendant Imerys Talc America, Inc., jointly and severely, in a fair and reasonable sum in

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT SIXTEEN – NEGLIGENT MISREPRESENTATION
### (Johnson & Johnson Defendants and Imerys Talc)

237.     As a direct, foreseeable and proximate result of the Johnson & Johnson Defendants' fraudulent conduct, Plaintiffs purchased and used the PRODUCTS in their perineal areas. As a direct and proximate result of such use, each Plaintiff developed ovarian cancer, and Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

238.     Defendants had a duty to accurately and truthfully represent to the medical and healthcare community, Plaintiffs and the public that the PRODUCTS had been tested and found to be safe and effective for use in the perineal area. However, the representations made by Defendants, in fact, were false.

239.     Defendants failed to exercise ordinary care in the representations concerning the PRODUCTS while they were involved in their manufacture, sale, testing, quality assurance, quality control, and distribution in interstate commerce, because Defendants negligently misrepresented the PRODUCTS' high risk of unreasonable, dangerous, adverse side effects.

240.     Defendants breached their duty in representing that the PRODUCTS were safe for use in the perineal areas of women.

241.     At all relevant times, upon information and belief, the misrepresentations, omissions and concealments concerning the PRODUCTS made by the Defendants include, but are not limited to the following:

        a. The Johnson & Johnson Defendants labeled and advertised the PRODUCTS in the following ways, among others: "For you, use every day to help feel soft, fresh, and comfortable;" "A sprinkle a day keeps the odor away;" "Your body perspires in more places than just under your arms;"

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

"Use SHOWER to SHOWER to feel dry, fresh, and comfortable throughout the day; and "SHOWER to SHOWER can be used all over your body."

b. The Johnson & Johnson Defendants advertised the product SHOWER to SHOWER to be applied "all over," and in particular, urged women to use it to "Soothe Your Skin: Sprinkle on problem areas to soothe skin that has been irritated from friction.  Apply after a bikini wax to help reduce irritation and discomfort."

c. Defendants, through the advertisements described above, among others, misrepresented to consumers, including the Plaintiffs, that the PRODUCTS were safe for use all over the body, including the female perineal area.

d. Despite actual knowledge of the health risks of the PRODUCTS, the Defendants failed to disclose to the consumers and the Plaintiffs, through adequate warnings, representations, labeling, or otherwise, that the PRODUCTS were inherently dangerous and carcinogenic in nature, which poses serious health risks to consumers.

e. Despite actual knowledge that the use of the PRODUCTS in the perineal area created a significantly increased risk of ovarian cancer, the Defendants failed to disclose to consumers and the Plaintiff, through adequate warnings, representations, labeling, or otherwise, that material fact.

f. Despite knowing about the carcinogenic nature of talc and its likelihood to increase the risk of ovarian cancer in women, the Johnson & Johnson Defendants falsely marketed, advertised, labeled and sold the PRODUCTS as safe for public consumption and usage, including for use by women to powder their perineal areas.

242.     At all relevant times, Defendants failed to exercise reasonable care in ascertaining or sharing information regarding the safe use of PRODUCTS, failed to disclose facts indicating that the PRODUCTS were inherently dangerous and carcinogenic in nature, and otherwise failed to exercise reasonable care in communicating the information concerning the PRODUCTS to Plaintiff and/or concealed relevant facts that were known to them.

243.     At all relevant times, Plaintiffs were not aware of the falsity of the foregoing misrepresentations, nor was she aware that material facts concerning talc and the PRODUCTS had been concealed or omitted.  In reasonable reliance upon the Johnson & Johnson Defendants'

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

misrepresentations and/or omissions, Plaintiffs were induced to and did purchase the PRODUCTS and did use the PRODUCTS on her perineal area.  If the Defendants had disclosed true and accurate material facts concerning the risks of the use of the PRODUCTS, in particular the risk of developing ovarian cancer from using the PRODUCTS in the female perineal area, Plaintiffs would not have purchased and/or received the PRODUCTS and/or used the PRODUCTS in that manner.

244.    Plaintiffs' reliance upon the Defendants' misrepresentations and omissions was justified and reasonable because, among other reasons, those misrepresentations and omissions were made by individuals and entities who were in a position to know the material facts concerning the PRODUCTS and the association between the PRODUCTS and the incidence of ovarian cancer, while Plaintiff was not in a position to know these material facts, and because the Johnson & Johnson Defendants failed to warn or otherwise provide notice to the consuming public as to the risks of the PRODUCTS, thereby inducing Plaintiff to use the PRODUCTS in lieu of safer alternatives and in ways that created unreasonably dangerous risks to her health. At all relevant times, the Defendants' corporate officers, directors, and/or managing agents knew of and ratified the acts of the Johnson & Johnson Defendants, as alleged herein.

245.    As a direct and proximate result of Defendants' conduct, Plaintiffs have been injured and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care and comfort, and economic damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, severally, and in the alternative, requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT SEVENTEEN – WRONGFUL DEATH
### (All Defendants)

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

246.     Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

247.     As a direct and proximate result of the acts and/or omissions of Defendants as set forth herein, the Decedents named in this action used the PRODUCTS in their perineal areas. Subsequent to such use, Decedents developed ovarian cancer, suffered substantial pain and suffering, both physical and emotional in nature, and subsequently died.

248.     Plaintiffs, on behalf of themselves and all of the next of kin of Decedents, are entitled to recover damages as Decedents would have if they were living, as a result of acts and/or omissions of Defendants.

249.     Plaintiffs, on behalf of themselves and all of Decedents' next of kin are also entitled to recover punitive damages and damages for substantial pain and suffering caused to Decedents from the acts and/or omissions of Defendants as fully set forth herein, including without limitations, punitive damages.

250.     As a direct and proximate result of Defendants' conduct, Plaintiffs and Decedents have been injured and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care and comfort, and economic damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, severally, and in the alternative, requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT EIGHTEEN – PUNITIVE DAMAGES
### (All Defendants)

251.     Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

252.    The Defendants have acted willfully, wantonly, maliciously, with an evil motive, and recklessly in one or more of the following ways:

    a.   Defendants knew of the unreasonably high risk of ovarian cancer posed by the PRODUCTS before manufacturing, marketing, distributing and/or selling the PRODUCTS, yet purposefully proceeded with such action;

    b.   Despite their knowledge of the high risk of ovarian cancer associated with the PRODUCTS, Defendants affirmatively minimized this risk through marketing and promotional efforts and product labeling;

    c.   Through the actions outlined above, Defendants expressed a reckless indifference to the safety of users of the PRODUCTS, including Plaintiffs. Defendants knew of the dangers and risks of the PRODUCTS, yet they concealed and/or omitted this information from labels and warnings contained on the PRODUCTS in furtherance of their conspiracy and concerted action. These actions were outrageous because of Defendants' evil motive or a reckless indifference to the safety of users of the PRODUCTS.

253.    As a direct and proximate result of the willful, wanton, malicious, evilly motivated and/or reckless conduct of the Defendants, the Plaintiffs have sustained damages as set forth above.

WHEREFORE, Plaintiffs pray for a judgment for punitive damages against all Defendants, jointly and severally, in a fair and reasonable amount sufficient to punish Defendants and deter them and others from engaging in similar conduct in the future, costs expended herein, and such further and other relief as the Court deems just and appropriate.

## TOLLING STATUTE OF LIMITATIONS

254.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

255.    Plaintiffs have suffered an illness that has a latency period and does not arise until many years after exposure. Plaintiffs' illnesses did not distinctly manifest themselves until they were made aware that their ovarian cancer could be caused by their use of the Defendants' products. Consequently, the discovery rule applies to these cases, and the statute of limitations has

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

been tolled until the day that Plaintiffs knew or had reason to know that their ovarian cancer was linked to their use of the Defendants' products.

256.    Furthermore, the running of any statute of limitations has been equitably tolled by reason of Defendants' fraudulent concealment and conduct. Through their affirmative misrepresentations and omissions, Defendants actively concealed from Plaintiffs the true risks associated with PRODUCTS.

257.    As a result of Defendants' actions, Plaintiffs were unaware, and could not reasonably know or have learned through reasonable diligence, that Plaintiffs had been exposed to the risks alleged herein and that those risks were the direct and proximate result of Defendants' acts and omissions.

258.    Furthermore, Defendants are estopped from relying on any statute of limitations because of their concealment of the truth regarding the safety of PRODUCTS. Defendants were under a duty to disclose the true character, quality and nature of PRODUCTS because this was non-public information over which they continue to have exclusive control. Defendants knew that this information was not available to Plaintiffs, their medical providers and/or their health facilities, yet they failed to disclose the information to the public.

259.    Defendants had the ability to and did spend enormous amounts of money in furtherance of their purposes of marketing and promoting a profitable product, notwithstanding the known or reasonably knowable risks. Plaintiffs and medical professionals could not have afforded to and could not have possibly conducted studies to determine the nature, extent and identity of related health risks, and they were forced to rely on Defendants' representations.

Respectfully submitted,

Electronically Filed - City of St. Louis - December 01, 2017 - 05:20 PM

ONDERLAW, LLC

By: /s/ Stephanie Rados
   James G. Onder, #38049
   William W. Blair, #58196
   Stephanie L. Rados, #65117
   110 E. Lockwood, 2nd Floor
   St. Louis, MO  63119
   314-963-9000 telephone
   314-963-1700 facsimile
   onder@onderlaw.com
   blair@onderlaw.com
   rados@onderlaw.com

OF COUNSEL:

R. Allen Smith, Jr. – MSB # 99984
THE SMITH LAW FIRM, PLLC
681 Towne Center Boulevard, Suite B
Ridgeland, Mississippi 39157
Telephone:  (601) 952-1422
Facsimile:  (601) 952-1426

Timothy W. Porter – MSB # 9687
Patrick C. Malouf – MSB # 9702
PORTER & MALOUF, PA
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone:  (601) 957-1173
Facsimile:  (601) 957-7366

Ted G. Meadows – ALB # MEA014
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

***Attorneys for Plaintiffs***



**IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number:  1722-CC11872 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MAUREEN KASSIMALI | Plaintiff's/Petitioner's Attorney/Address:<br>STEPHANIE LYNN RADOS<br>110 E LOCKWOOD AVE<br>ST LOUIS, MO  63119 | Process Server 1 |
| vs. | | Process Server 2 |
| Defendant/Respondent:<br>JOHNSON & JOHNSON, INC. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | Process Server 3 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  JOHNSON & JOHNSON, INC.
                   **Alias:**

**MH ULLMAN**
**ONE JOHNSON & JOHNSON PLAZA**
**NEW BRUNSWICK, NJ  08933**

*COURT SEAL OF*

    You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**December 4, 2017**       *Thomas Kloeppinger*

          Date                            Thomas Kloeppinger
*CITY OF ST LOUIS*                                Circuit Clerk

          Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____            _____
   Printed Name of Sheriff or Server              Signature of Sheriff or Server

        **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
        I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons.
*(Seal)*                        (use for out-of-state officer)
                    ☐ authorized to administer oaths.  (use for court-appointed server)

                                 _____
                                   Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ | |

See the following page for directions to clerk and to officer making return on service of summons.

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

---

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number:  1722-CC11872 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MAUREEN KASSIMALI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>STEPHANIE LYNN RADOS<br>110 E LOCKWOOD AVE<br>ST LOUIS, MO 63119 | Process Server 1 |
| | | Process Server 2 |
| Defendant/Respondent:<br>JOHNSON & JOHNSON, INC. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | Process Server 3 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  JOHNSON & JOHNSON CONSUMER, INC.
    **Alias:**  FKA JOHNSON & JOHNSON CONSUMER COMPANIES INC

JOHNSON & JOHNSON REG AGENT
ONE JOHNSON & JOHNSON PLAZA
NEW BRUNSWICK, NJ 08933

*COURT SEAL OF*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**December 4, 2017**
_____
Date

*Thomas Kloeppinger*
_____
Thomas Kloeppinger
Circuit Clerk

*CITY OF ST LOUIS*

Further Information:

---

## Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by: (check one)
  ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
  ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
  ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
  ☐ other (describe) _____
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
      ☐ the judge of the court of which affiant is an officer.
      ☐ authorized to administer oaths in the state in which the affiant served the above summons.
       (use for out-of-state officer)
      ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number:  1722-CC11872 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>MAUREEN KASSIMALI<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>STEPHANIE LYNN RADOS<br>110 E LOCKWOOD AVE<br>ST LOUIS, MO  63119 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>JOHNSON & JOHNSON, INC. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  IMERYS TALC AMERICA INC**
**Alias:  FKA LUZENAC AMERICA INC**

CT CORPORATION
120 SOUTH CLAYTON AVE
ST. LOUIS, MO 63105

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**December 4, 2017**

_____
Date

*Thomas Kloeppinger*
_____
Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____                      _____
Date                                            Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00 | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number:  1722-CC11872 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>MAUREEN KASSIMALI | Plaintiff's/Petitioner's Attorney/Address<br>STEPHANIE LYNN RADOS<br>110 E LOCKWOOD AVE<br>ST LOUIS, MO  63119 | Special Process Server 2 |
| vs. | | Special Process Server 3 |
| Defendant/Respondent:<br>JOHNSON & JOHNSON, INC. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  PTI UNION LLC**
         **Alias:  DBA PHARMA TECH INDUSTRIES**

BENSON, THOMAS L III
230 S BEMISTON AVE, STE 1110
CLAYTON, MO 63105

*COURT SEAL OF*

*CITY OF ST LOUIS*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**December 4, 2017**

_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                               Date                                              Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $  10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MICHAEL KELLAN MULLEN | **Case Number:** 1722-CC11872 | Special Process Server 1 |
| Plaintiff/Petitioner:<br>MAUREEN KASSIMALI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>STEPHANIE LYNN RADOS<br>110 E LOCKWOOD AVE<br>ST LOUIS, MO  63119 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>JOHNSON & JOHNSON, INC.<br>Nature of Suit:<br>CC Pers Injury-Prod Liab | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | <br><br>(Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  PTI ROYSTON LLC
　　　　　　　　　　　 **Alias:**  DBA PHARMA TECH INDUSTRIES

**BENSON, THOMAS L III**
**230 S BEMISTON AVE, STE 1110**
**CLAYTON, MO 63105**

*COURT SEAL OF*

*CITY OF ST LOUIS*

　　　　You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**December 4, 2017**
_____
　　　　　　 Date　　　　　　　　　　　　　　　　　　Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____　　　　　　　_____
　 Printed Name of Sheriff or Server　　　　　　　　Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*　　　Subscribed and sworn to before me on _____ (date).

My commission expires: _____　　　_____
　　　　　　　　　　　　　　 Date　　　　　　　　　　 Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - December 07, 2017 - 03:37 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI**

| | |
|---|---|
| MAUREEN KASSIMALI, et al. | |
| Plaintiffs, | Case No.:  1722-CC11872 |
| v. | Division:  1 |
| JOHNSON & JOHNSON, INC., et al. | |
| Defendants. | |

**ENTRY OF APPEARANCE**

COMES NOW James G. Onder of ONDERLAW, LLC, and hereby enters his appearance on behalf of all Plaintiffs.


Dated: <u>December 7, 2017     </u>                Respectfully submitted,

                                                         **ONDERLAW, LLC**

          By:    <u>*/s/ James G. Onder*       </u>
                  James G. Onder, #38049
                  W. Wylie Blair, #58196
                  Stephanie L. Rados, #65117
                  110 E. Lockwood, 2nd Floor
                  St. Louis, MO  63119
                  314-963-9000 telephone
                  314-963-1700 facsimile
                  onder@onderlaw.com
                  blair@onderlaw.com
                  rados@onderlaw.com

Electronically Filed - City of St. Louis - December 07, 2017 - 03:37 PM

OF COUNSEL:

R. Allen Smith, Jr. – MSB # 99984
THE SMITH LAW FIRM, PLLC
681 Towne Center Boulevard, Suite B
Ridgeland, Mississippi 39157
Telephone:  (601) 952-1422
Facsimile:  (601) 952-1426

Timothy W. Porter – MSB # 9687
Patrick C. Malouf – MSB # 9702
John T. Givens – MSB #101561
PORTER & MALOUF, PA
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone:  (601) 957-1173
Facsimile:  (601) 957-7366

Ted G. Meadows – ALB # MEA014
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
*Attorneys for Plaintiffs*

## Certificate of Service

The undersigned hereby certifies that this document was filed and electronically served by way of the Court's electronic filing system on this 7th day of December, 2017.

*/s/ James G. Onder_____*

Electronically Filed - City of St. Louis - December 07, 2017 - 03:33 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

MAUREEN KASSIMALI, et al.

       Plaintiffs,

v.

JOHNSON & JOHNSON, INC., et al.

       Defendants.

Case No.:  1722-CC11872

Division:   1

## ENTRY OF APPEARANCE

COMES NOW William W. Blair of ONDERLAW, LLC and hereby enters his appearance on behalf of all Plaintiffs.

Dated: December 7, 2017

ONDERLAW, LLC

By:  /s/ W. Wylie Blair
     James G. Onder, #38049
     W. Wylie Blair, #58196
     Stephanie L. Rados, #65117
     110 E. Lockwood, 2nd Floor
     St. Louis, MO  63119
     314-963-9000 telephone
     314-963-1700 facsimile
     onder@onderlaw.com
     blair@onderlaw.com
     rados@onderlaw.com

Electronically Filed - City of St. Louis - December 07, 2017 - 03:33 PM

OF COUNSEL:

R. Allen Smith, Jr. – MSB # 99984
THE SMITH LAW FIRM, PLLC
681 Towne Center Boulevard, Suite B
Ridgeland, Mississippi 39157
Telephone:  (601) 952-1422
Facsimile:  (601) 952-1426

Timothy W. Porter – MSB # 9687
Patrick C. Malouf – MSB # 9702
John T. Givens – MSB #101561
PORTER & MALOUF, PA
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone:  (601) 957-1173
Facsimile:  (601) 957-7366

Ted G. Meadows – ALB # MEA014
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
*Attorneys for Plaintiffs*

## Certificate of Service

The undersigned hereby certifies that this document was filed and electronically served by way of the Court's electronic filing system on this 7th day of December 2017.

*/s/ W. Wylie Blair*

Electronically Filed - City of St. Louis - December 11, 2017 - 07:36 PM

**IN THE CIRCUIT COURT OF THE 22ND JUDICIAL CIRCUIT OF MISSOURI FOR SAINT LOUIS CITY**

| | |
|---|---|
| MAUREEN KASSIMALI | Case No.:1722-CC11872 |
| Plaintiff | |
| v. | |
| JOHNSON & JOHNSON INC | |
| Defendant | |

## AFFIDAVIT OF PERSONAL SERVICE

That I, John G Houseman hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 12/5/2017 at 12:32 PM at 555 Maryville University Dr Ste 240, SAINT LOUIS, MO 63141 I served PTI UNION LLC D/B/A PHARMA TECH INDUSTRIES R/A THOMAS BENSON III with the following list of documents: Summons & Complaint by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with PTI UNION LLC D/B/A PHARMA TECH INDUSTRIES R/A THOMAS BENSON III.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is $ 39.80

John G Houseman
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 282
Clayton, MO 63105
(314) 392-3205

Executed On: 12/9/17

Order #:7144
Their File

Electronically Filed - City of St. Louis - December 11, 2017 - 07:35 PM

**IN THE CIRCUIT COURT OF THE 22ND JUDICIAL CIRCUIT OF MISSOURI FOR SAINT LOUIS CITY**

MAUREEN KASSIMALI

          Plaintiff

    v.

JOHNSON & JOHNSON INC

          Defendant

Case No.:1722-CC11872

## AFFIDAVIT OF PERSONAL SERVICE

That I, John G Houseman hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 12/5/2017 at 12:32 PM at 555 Maryville University Dr Ste 240, Saint Louis, MO 63141-5822 I served PTI ROYSTON LLC D/B/A PHARAM TECH INDUSTIRES R/A THOMAS BENSON III with the following list of documents: Summons & Complaint by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with PTI ROYSTON LLC D/B/A PHARAM TECH INDUSTIRES R/A THOMAS BENSON III.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is $ 39.10

John G Houseman
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 282
Clayton, MO 63105
(314) 392-3205

Executed On: 12/9/17

Order #:7143
Their File

Ref SPS 1/3/18

Electronically Filed - City of St. Louis - December 20, 2017 - 03:01 PM



# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1722-CC11872 | Special Process Server 1 |
| --- | --- | --- |
| Plaintiff/Petitioner:<br>MAUREEN KASSIMALI<br><div align=right>vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>STEPHANIE LYNN RADOS<br>110 E LOCKWOOD AVE<br>ST LOUIS, MO 63119    65117 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>JOHNSON & JOHNSON, INC. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  IMERYS TALC AMERICA INC
          Alias:  FKA LUZENAC AMERICA INC

CT CORPORATION
120 SOUTH CLAYTON AVE
ST. LOUIS, MO 63105

30 CTCOR

**COURT SEAL OF**

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**December 4, 2017**

_____  _____
        Date                                  Clerk

**CITY OF ST LOUIS**

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
LCW LCW – A. BRANDON _____ (name) REPRESENTATIVE _____ (title).

☐ other _____

Served at  CT CORP _____ (address)
in  ST LOUIS _____ (County/City of St. Louis), MO, on  DEC 1 9 2017 (date) at  9 AM (time).

Roshell Huey _____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

_(Seal)_

My commission expires: _____   _____
                         Date                     Notary Public

| Sheriff's Fees | | |
| --- | --- | --- |
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $   10.00 | |
| Mileage | $ _____ ( ____ miles @ $ ____ per mile) | |
| Total | $ | |

DEC 1 3 2017

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

2017 DEC 13 St Louis Sheriff's Office Received @ PM 3:34

10/15/17

17-SMCC-10118

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 17-SMCC-18333**      1 of 1      Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo